A90A1468. WALKER v. THE STATE.
(398 SE2d 217)

BEASLEY, Judge.

Defendant was sentenced on December 6, 1989. He was represented by appointed counsel at trial. The record contains no indication that this counsel was released from further representation.

On December 20, defendant filed his personal letter with the clerk requesting that he be allowed to have an appeal and requesting appointment of an attorney.

On January 16, 1990, new appointed counsel filed a motion for new trial on the general grounds. (See *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988); *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988).) It was denied on March 21. A notice of appeal was filed by counsel on April 16.

This court is without jurisdiction to consider the merits of the sole enumeration of error. Since the motion for new trial was not filed within 30 days of the judgment as required by OCGA § 5-5-40 (a), the time for appeal was not extended under OCGA § 5-6-38 (a). No extension for the motion could be given, as it is prohibited by OCGA § 5-6-39 (b). No motion for an out-of-time appeal was made.

The appeal must be dismissed. *Clay v. State*, 194 Ga. App. 354

(391 SE2d 143) (1990).

Even if this court had been properly vested with jurisdiction, the judgment would not be disturbed. The sole enumeration of error complains that the defendant's character was impermissibly placed into evidence by the State's cross-examination of defendant's witness. OCGA §§ 24-9-20; 24-2-2.

Defendant called a person who was then in jail with him and who was charged with robbing a fast food store next to the store defendant was accused of robbing the same night. They had also both been charged with a robbery in 1981; the witness was convicted and the indictment was nolle prossed against defendant because of his plea of guilty to another charge.

The witness testified he had known defendant eight or nine years. He related a recent incident at the jail. On cross-examination by the State, he said he knew defendant as a co-worker at a certain business concern and did not work together with him in any other way. The State introduced the 1981 robbery conviction and related documents to impeach the witness as to what he had said regarding his relationship with defendant and to prove a crime of moral turpitude. Defendant objected to his character being placed in evidence and sought a mistrial, which was denied. When the exhibits were tendered, defendant stated he had no objection to their admission.

The overruling of the motion would constitute no reversible error. OCGA § 24-9-82 (impeachment by disproving testimony); OCGA § 24-9-68 (witness' relationship with party); *Powell v. State*, 122 Ga. 571 (50 SE 369) (1905) (impeachment by proof of conviction of moral turpitude crime); *Daniels v. State*, 234 Ga. 523, 524 (3) (216 SE2d 819) (1975) (copy of conviction record required). The fact that evidence incidentally places defendant's character in issue does not render it inadmissible. *Mulkey v. State*, 250 Ga. 444, 446 (3) (298 SE2d 487) (1983). Granting or denying a mistrial is within the sound discretion of the trial judge. *Fortson v. State*, 240 Ga. 5, 6 (2) (239 SE2d 335) (1977).

Moreover, the evidence against defendant was overwhelming. Even if the denial of mistrial was error, it was harmless. *Ellis v. State*, 256 Ga. 751, 755 (2) (353 SE2d 19) (1987).

*Appeal dismissed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 11, 1990 —
REHEARING DENIED OCTOBER 15, 1990.

*Jay P. Wells*, for appellant.
*John R. Parks*, District Attorney, *R. Rucker Smith*, Assistant

*District Attorney,* for appellee.