A93A1472. BRYANT v. THE STATE.
(435 SE2d 741)

BLACKBURN, Judge.

The appellant, Ricky Bryant, was convicted of aggravated assault. His sole contention on appeal is that the trial court erred in denying his motion for mistrial based on his character having been improperly placed in issue.

On August 16, 1990, Bryant and two of his brothers spent the afternoon drinking beer with Robbie Browning. Eventually, a fight ensued over the beer and Browning was beaten up by the others. He

drove to his sister's house, and later that night, accompanied by his wife, sister, and brother-in-law, he went looking for Bryant. When they observed Bryant's van in Browning's neighborhood, they chased him down a dead-end road and partially blocked it with their own vehicle. Browning then tried to hit Bryant with a baseball bat, but Bryant was able to maneuver the van and drive away from the scene.

Browning and his group then returned to his sister's house. As they were finishing supper, they noticed Bryant's van pull into the driveway. When Browning went to the front door, two shots were fired, one striking the door and the other striking Browning in the abdomen. Browning fell to the floor, and watched Bryant pull a gun through the van's window, smile at him, and drive away. Browning's wife, sister, and brother-in-law witnessed the incident, and at trial unequivocally identified Bryant as the shooter.

At trial, the State called Browning as its first witness. After Browning testified that he had known Bryant for about ten years, the State inquired as to how he had first come to know him. In response, Browning stated that "Me and Ricky was in the detention center together."

Defense counsel immediately moved for mistrial on the grounds that the remark injected Bryant's character into issue. The State apologized that it had not intended to elicit the objectionable response. The trial court acknowledged concern that the testimony would impress upon the jury that Bryant had been "at least locked up on some other occasion," but felt that curative instructions would take care of the problem. The trial court then emphasized to the jury that it must disregard the testimony regarding where Browning met Bryant.

Although prior to the giving of the curative instruction, defense counsel indicated that he did not want his failure to object to the trial court's giving the instruction to constitute a waiver of the motion for mistrial, following the curative instruction, he neither renewed the motion for mistrial, requested further instructions or took any other action. Under such circumstances, the motion for mistrial was not preserved for review. *Schirato v. State*, 260 Ga. 170 (391 SE2d 116) (1990).

In any event, "[w]here a witness for the State in a criminal case voluntarily injects into the trial improper and prejudicial matter, on motion for a mistrial based thereon, whether mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing testimony from the consideration of the jury under proper instructions, is a matter ordinarily in the discretion of the trial court. The trial court's ruling will not be disturbed on appeal absent an abuse of discretion, which does not exist if the curative instructions given can serve to prevent the alleged harmful testi-

mony from having any prejudicial impact. . . ." (Citations and punctuation omitted.) *Crawford v. State*, 256 Ga. 585, 587 (351 SE2d 199) (1987).

In the instant case, although the objectionable testimony occurred at the beginning of the trial, ultimately Browning, his wife, his sister, and his brother-in-law all positively testified that Bryant shot Browning, and this testimony was unrefuted. "It is highly improbable that [Browning's answer] influenced the outcome of the case, in view of the strong weight of the evidence against [Bryant]. . . . [Cit.] Under the circumstances of this case, the trial court did not abuse its discretion in refusing to grant a mistrial." Id.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 10, 1993.

*Thompson, Fox, Chandler, Homans & Hicks, David A. Fox,* for appellant.

*Lydia Sartain, District Attorney, William M. Brownell, Jr., Assistant District Attorney,* for appellee.