## A94A0527. JONES v. THE STATE.
(442 SE2d 20)

BLACKBURN, Judge.

The appellant, Tull Jones, was convicted of aggravated assault, stemming from an incident during which he shot his wife four times with a .22 caliber rifle. On appeal, he contends that the trial court erred in denying his motions for mistrial based upon his character having been improperly placed in issue.

At trial, the victim testified that she and Jones married in November 1991 and soon thereafter began experiencing marital problems. Following an incident in which Jones lost his temper, got a rifle, and threatened to kill her, she obtained a temporary restraining order and separated from Jones. On a later occasion, Jones attempted to gain entry into her apartment by wearing a security uniform and claiming to be a police officer. On July 13, 1992, Jones drove up beside her as she was leaving for work in her car. When she refused to talk with him and drove away, Jones followed her and eventually shot her four times with his rifle. She was struck in her head, arm, breast, and back, and the head wound resulted in the removal of a portion of her brain.

The day after the shooting, police located and arrested Jones in a

motel room, where he was found lying on the bed with his rifle along-side him. Following his arrest, Jones gave an inculpatory statement in which he admitted firing five shots at his wife. He explained that he had only wanted to hurt her, and had no intention of killing her.

Jones testified at trial and again admitted shooting his wife. He conceded that he knew it was wrong at the time of the shooting, and that he was guilty of the aggravated assault upon his wife. However, he again emphasized that his only intention had been to hurt his wife.

During the victim's testimony, the State inquired as to how long she and Jones had resided in an apartment together, and the victim replied that they had just renewed the lease when Jones "had another incident with the gun related to other people." Defense counsel moved for mistrial on the ground that this answer improperly placed Jones's character in issue. The trial court denied the motion, on the grounds that the testimony was unresponsive, confusing, and did not actually place the defendant's character in issue. The trial court, how-ever, instructed the witness to respond to the questions asked and to refrain from making any reference to the defendant's criminal activi-ties.

Later on, as the victim recounted the incident when Jones at-tempted to gain entry into her apartment, the State asked about her telephone having been inoperable at the time. The victim gave a con-voluted response referring to various neighbors and apartments in the complex, noting that the telephone line had been cut, and concluded by remarking, "And I don't know, the next day or two, I don't even remember, he was arrested again for impersonating an officer. . . ." At that point, defense counsel again moved for mistrial, which was denied by the trial court.

"The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with. [Cits.]" *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315) (1982); see also *Bess v. State*, 207 Ga. App. 295, 296 (427 SE2d 813) (1993). In the instant case, we are unpersuaded that the trial court abused its discretion in denying Jones's motions for mistrial. Regarding the first motion, the witness's objectionable remark was unresponsive to the State's question, and did not clearly place Jones's character in issue. The second motion also was prompted by an unresponsive and con-fused answer of the victim, and it appears unlikely that the witness's reference to Jones's arrest for impersonating an officer caused any ad-ditional damage because she had already testified about Jones's effort to enter her apartment under the guise of being a police officer.

In any event, considering Jones's confession in judicio and the other overwhelming evidence of his guilt, it is highly improbable that

the testimony in question contributed to the verdict, and Jones thus would not be entitled to a reversal of his conviction because of the trial court's refusal to grant a mistrial. See *Bryant v. State*, 210 Ga. App. 222, 224 (435 SE2d 741) (1993).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 16, 1994.

*Antje R. Kingma*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, John H. Petrey, Barbara B. Conroy, Assistant District Attorneys*, for appellee.