## A94A1168. BLECKLEY v. THE STATE.
### (449 SE2d 351)

Pope, Chief Judge.

Defendant Thomas Carlton Bleckley was charged with aggravated assault and convicted of the lesser offense of simple battery. He appeals from the judgment and sentence of conviction, as well as from the denial of his motion and amended motion for new trial.

1. Defendant first argues that the trial court erred in denying his motion for mistrial after a witness for the State commented while on direct examination that one of the defendant's children stated, "[defendant] is killing my mama." Defendant contends that a mistrial was mandated because the prosecutor intentionally elicited this improper hearsay. However, our review of the transcript shows, and the trial court found, that the complained-of comment was unresponsive to the question which preceded it, and in fact the witness had already answered the question posed by the State when she volunteered the hearsay statement. The trial court informed the jury that the witness had been admonished for volunteering the statement and instructed the jury to disregard the statement. Moreover, there was some question about whether the jury could even hear the improper comment when it was uttered. Under these circumstances, the trial court did not abuse its discretion in denying the motion for mistrial. See, e.g., *Jones v. State*, 212 Ga. App. 473 (442 SE2d 20) (1994); *McDermott v. State*, 183 Ga. App. 693 (359 SE2d 750) (1987).

2. Defendant next challenges the denial of his motion for mistrial after the prosecutor improperly commented on the veracity of a defense witness. The prosecutor conceded the impropriety of the statement, both at trial and on appeal, and the trial court informed the jury that the prosecutor admitted he should not have made the remark, that the prosecutor had apologized to the court, and that they should disregard the comment.

" 'In passing on a motion for mistrial because of an improper statement of a prosecutor, the trial judge may take such action as in his judgment will prevent harm to the defendant, and a new trial will not be granted unless it is clear that such action failed to eliminate the statement from consideration by the jury. (Cits.)' [Cit.]" *Foote v. State*, 184 Ga. App. 900, 901 (2) (363 SE2d 180) (1987). "The refusal to grant a mistrial because of the improper remarks of the prosecutor is within the discretion of the trial court pursuant to OCGA § 17-8-75, and the decision will not be disturbed on appeal absent manifest abuse. [Cits.]" *Henderson v. State*, 182 Ga. App. 513, 520 (5) (356 SE2d 241) (1987). We have examined the statement here, which was made by the prosecutor during an exchange with defense counsel concerning the admissibility of certain evidence, and find that it was not, as defendant argues, so prejudicial that it could not be cured by in

structions. Finding no manifest abuse of discretion in the denial of defendant's motion for mistrial under the facts of this case, we conclude reversal is not required.

3. Defendant contends that the trial court erred in permitting a non-listed witness to testify over objection. The witness, a physician's assistant who examined the victim, testified concerning the victim's injuries. As defendant argues in his brief on appeal, the purpose of OCGA § 17-7-110 is to give defense counsel the opportunity to interview witnesses before trial. However, questioning by the trial court revealed that defense counsel did not interview any of the *listed* medical personnel who treated the victim prior to trial, and that the unlisted witness' name appeared on the medical reports which were provided to defendant prior to trial. The record also reveals that counsel did not request an opportunity to interview the unlisted witness prior to his testifying at trial. "[T]he proper remedy when a witness is called whose name was not on the list is to request a continuance, not the exclusion of the witness' testimony. [Cit.]" *Grace v. State*, 210 Ga. App. 718, 721 (5) (437 SE2d 485) (1993). We thus find no merit to this enumeration.

4. Contrary to defendant's fourth enumeration of error, the trial court did not err in failing to give his requested charge on simple assault under the facts of this case. *Arnett v. State*, 245 Ga. 470, 472 (2) (265 SE2d 771) (1980); see also *Haun v. State*, 189 Ga. App. 884 (1) (377 SE2d 878) (1989); *Mason v. State*, 175 Ga. App. 497, 498 (2) (333 SE2d 694) (1985); *Ross v. State*, 173 Ga. App 313, 315 (8) (325 SE2d 919) (1985); *Jarrard v. State*, 152 Ga. App. 553, 554 (4) (263 SE2d 144) (1979).

5. Defendant enumerates as error the court's charge on expert witnesses, arguing that no witness had been qualified as an expert and that the only witness to whom such charge could reasonably apply was the physician's assistant who was allowed to testify over defendant's objection. However, upon objection to the charge, the trial court ruled that the charge was applicable to the physician's assistant who testified on behalf of the State. This enumeration is thus without merit. *Morris v. State*, 159 Ga. App. 600, 601 (1) (284 SE2d 103) (1981).

6. Defendant urges on appeal that the trial court erred in denying his motion for directed verdict on the aggravated assault charge because the State failed to show the crime was committed with a deadly weapon. Because defendant was found guilty of the lesser offense of simple battery, this issue is moot. See *Jones v. State*, 213 Ga. App. 11, 12 (1) (444 SE2d 89) (1994); *Cornwell v. State*, 193 Ga. App. 561 (1) (388 SE2d 353) (1989); *Thomas v. State*, 184 Ga. App. 131 (1) (361 SE2d 21) (1987).

7. Defendant assigns error to the fact that his motion for new

trial was heard by a judge other than the trial judge, arguing that he was prejudiced because the hearing judge was unfamiliar with what occurred at trial. Defendant also urges a violation of Uniform Superior Court Rule 3.3, governing the assignment of cases in the superior courts, and argues that his case had never been reassigned in accordance with that provision. However, either the trial judge or another judge who hears the motion for new trial has access to the trial transcript. Moreover, defendant points to no *specific* instance where he arguably was prejudiced by the failure of the trial judge to hear his motion and likewise makes no showing as to how he has been harmed by the fact that his case was not formally reassigned pursuant to Rule 3.3. It is axiomatic that harm as well as error must be shown, and having failed to make the requisite showing of harm in this case, reversal is not required.

8. Construed so as to support the verdict, the evidence adduced at trial authorized defendant's conviction for the lesser included offense of simple battery. Defendant's eighth enumeration of error is thus without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED OCTOBER 18, 1994.

*T. Andrew Dowdy*, for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.