S96A1126. HANSLEY v. THE STATE.
(472 SE2d 305)

CARLEY, Justice.

Delery Montreal Hansley was tried before a jury and found guilty of malice murder. He appeals from the judgment of conviction and sentence of life imprisonment entered by the trial court on the jury's guilty verdict.[1]

1. On the night of the homicide, Hansley and the victim, each accompanied by friends, met outside a club. After a fight started, Hansley shot and killed the victim. Hansley enumerates the denial of his motion for directed verdict, contending that the State failed to prove malice. However, the State's evidence shows that Hansley, who had fought with the victim before, left the fight to get a gun from a friend's car, yelled that the victim would not get away this time, and fired several shots at the victim, who was attempting to enter his car. This evidence was more than sufficient to prove malice. *Watkins v. State*, 264 Ga. 657, 658 (449 SE2d 834) (1994); *Balom v. State*, 245 Ga. 367, 368 (265 SE2d 21) (1980). A rational trier of fact was authorized to find proof, beyond a reasonable doubt, of Hansley's guilt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The homicide occurred on July 30, 1994 and Hansley was indicted on October 17, 1994. The guilty verdict was returned on April 27, 1995 and the judgment of conviction and life sentence also were entered on that day. Hansley's motion for new trial was filed on June 5, 1995 and denied on March 20, 1996. His notice of appeal was filed on March 22, 1996 and the case then was docketed in this Court on April 8, 1996. On June 3, 1996, the appeal was submitted for decision on briefs.

2. Hansley challenged the array of the traverse jury, contending that, in this particular case, the random, computerized method of choosing the jury panels from the jury pool did not produce a representative cross-section of the citizens of the county. Hansley enumerates as error the trial court's failure to sustain this challenge. Hansley has not demonstrated any flaw in the jury selection process and has not carried his burden of showing purposeful discrimination. Thus, we find no error. *Jewell v. State*, 261 Ga. 861, 862 (3) (413 SE2d 201) (1992).

3. Hansley contends that the trial court erred in denying his motion for mistrial. When a witness for the State was asked if he was familiar with the murder weapon, he volunteered that he had previously seen Hansley pull it on one of the witness's friends. Hansley unsuccessfully moved for mistrial on the basis that this testimony placed his character in issue. A nonresponsive answer that impacts negatively on a defendant's character does not improperly place the defendant's character in issue. Accordingly, the trial court, in the exercise of its broad discretion in ruling on motions for mistrial, did not err in denying Hansley's motion. *Eagle v. State*, 264 Ga. 1, 2 (2) (440 SE2d 2) (1994); *Jones v. State*, 212 Ga. App. 473, 474 (442 SE2d 20) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 15, 1996.

*Straughan & Straughan, William T. Straughan,* for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney, Michael J. Bowers, Attorney General, Wesley S. Horney, Assistant Attorney General,* for appellee.