## S00A1110. TAYLOR v. THE STATE.
### (532 SE2d 395)

HUNSTEIN, Justice.

Appellant Johnell Taylor was convicted of the felony murder of Marvin McGill and possession of a firearm during the commission of a crime. He appeals from the denial of his motion for new trial,[1] and

---

[1] The homicide occurred on April 1, 1998. On December 1, 1998 a jury convicted appellant of felony murder and possession of a firearm during the commission of a crime. Appellant was sentenced to life imprisonment on the murder charge and a consecutive five-year term for the firearm possession offense. His motion for new trial was filed on December 14, 1998, amended on September 7, 1999, and denied on January 18, 2000. A notice of appeal

we affirm.

1. Appellant contends that the evidence was not sufficient to authorize a finding of his guilt of the crimes charged beyond a reasonable doubt. At trial the State adduced evidence from which the jury was authorized to find that McGill was shot in the chest and the wrist while sitting in his truck in the Spalding Heights area of Spalding County. Tonya Ridgeway was in a car behind McGill and observed appellant approach the victim. She was familiar with appellant from observing him several times in the Spalding Heights complex. She saw appellant pull his hand from behind his back in the direction of McGill and then heard three gunshots. She later identified appellant through a pre-trial photographic lineup and positively identified him in court. Other witnesses corroborated that appellant was in the area at the time of the shooting. After his arrest appellant made statements to the police implicating himself in the crime. We find the evidence adduced sufficient to enable a rational trier of fact to find appellant guilty of felony murder and possession of a firearm during the commission of a crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Pursuant to *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), appellant alleged in his motion for new trial, that his trial counsel's performance was deficient in four respects.[2] Under the standard of review set forth in *Suggs v. State*, 272 Ga. 85 (4) (526 SE2d 347) (2000), we reject each assertion of deficiency of counsel.

(a) Appellant's contention that his trial counsel should have objected to the introduction of autopsy photographs which showed incisions unrelated to the injury is without merit. At the hearing on the motion for new trial, trial counsel testified that he did not object in light of *Brown v. State*, 250 Ga. 862, 867 (302 SE2d 347) (1983), which holds:

> A photograph which shows mutilation of a victim resulting from the crime against him may, however gruesome, have relevance to the trial of his alleged assailant. The necessary further mutilation of a body at autopsy has no such relevance and may cause confusion, if not prejudice, in the minds of jurors.

---

was filed on February 9, 2000 in the Court of Appeals. The appeal was transferred to this Court, docketed on March 8, 2000, and submitted for decision without oral argument.

[2] *Strickland v. Washington*, supra, 466 U. S. 668 requires a showing that trial counsel's performance was deficient and that the deficient performance prejudiced the defendant so as to have deprived the defendant of a fair trial.

The record contains counsel's testimony that the two photographs were taken prior to autopsy. The first depicted the face of the victim and an incision made in the emergency room in an attempt to save the victim's life; the second depicted marks from the crime itself. Inasmuch as such pre-autopsy photographs are not prejudicial, id.; *Monsalve v. State*, 271 Ga. 523 (5) (519 SE2d 915) (1999), trial counsel's performance was not deficient in failing to object to the introduction of the photographs.

(b) Appellant contends that trial counsel should have objected to both Officer Flournoy's testimony and the admission of mugshots since they improperly introduced appellant's bad character. Officer Flournoy testified that he had displayed a photographic lineup, consisting of "jail photographs" to a witness who later identified appellant as the assailant. We have previously held that admitting a defendant's mugshot into evidence is not reversible error since it does not introduce defendant's bad character. *Stanley v. State*, 250 Ga. 3 (1) (295 SE2d 315) (1982). At the hearing on the motion for new trial, trial counsel testified that no objection was made to Officer Flournoy's testimony because the officer never intimated that appellant's picture was in the group of photographs and he reasoned that an objection would have drawn unnecessary attention to the testimony. Under the circumstances we hold that trial counsel's performance was sufficient.

(c) Appellant contends that trial counsel should have moved for a mistrial or requested curative instructions when Agent Poor testified that appellant had admitted being previously arrested. In fact, trial counsel did lodge a sustained objection to the testimony. However, mere mention that a defendant has been in jail falls short of placing his character at issue. *Williams v. State*, 242 Ga. 757 (2) (251 SE2d 254) (1978). Accordingly, trial counsel's objection was sufficient assistance of counsel.

(d) Finally, appellant contends that trial counsel should have objected to or moved for a mistrial when Deputy Sanders and Agent Poor testified that appellant had invoked his right to remain silent. The fact that a defendant exercised the right to remain silent may not be used against the defendant at trial. See *Durden v. State*, 250 Ga. 325 (3) (297 SE2d 237) (1982). However, if the testimony concerning remaining silent is made "during a narrative on the part of the authorities of a course of events" and "apparently was not intended to, nor did it have the effect of, being probative on the guilt or innocence of the defendant" it is not prejudicial. *Cape v. State*, 246 Ga. 520 (2) (272 SE2d 487) (1980). In fact, "[t]o reverse a conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury." Id. at 523.

At trial, both officers testified to the following course of events: appellant executed a waiver form, made a statement, asked for an attorney which stopped the questioning, and then made additional incriminatory statements. The officers' reference to appellant's invocation of the right to remain silent was not objectionable since it was made during a narrative on the course of events surrounding the giving of appellant's statement. The testimony was not given to be probative of appellant's guilt or innocence. Accordingly, trial counsel's failure to object was not deficient assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 2000.

*Virgil L. Brown & Associates, Larkin M. Lee,* for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.

