A01A0617. HOLT v. THE STATE.
(546 SE2d 83)

ELDRIDGE, Judge.

A DeKalb County Superior Court jury convicted Samuel Holt of robbery, aggravated assault, fleeing or attempting to elude a police officer, and obstruction of an officer.[1] Defendant's convictions arose out of circumstances in which a security guard discovered him at a warehouse belonging to the Atlanta Board of Education. The record

---

[1] The jury found the defendant guilty of robbery and aggravated assault as lesser included offenses of armed robbery and aggravated battery, respectively.

reveals that the defendant, accompanied by the co-defendant, a young woman, drove his Plymouth to the warehouse. After exiting the vehicle, the defendant told the co-defendant to take the car to his mother's nearby home and wait for him. The defendant shot the security guard on being discovered as the defendant emerged from the warehouse, wounding him in the chest and taking his Chrysler New Yorker, service revolver, barber clippers, and gold bridge. Twenty minutes later, the defendant appeared at his mother's residence in the New Yorker and instructed the co-defendant to follow him. Defendant subsequently abandoned the New Yorker for the Plymouth, and he and the co-defendant were arrested after a high speed police chase which followed shortly thereafter.

On appeal, the defendant contends that the trial court erred in denying his motions for mistrial grounded upon claims that his character was improperly placed in issue since: (1) the trial court instructed the jury venire he was charged with possession of a firearm by a convicted felon, among other things, having earlier been convicted of armed robbery; (2) after pleading guilty, the co-defendant testified as a State's witness that "[the defendant] tote[d] a gun, a .38"; and (3) the State's attorney's cross-examination forced him to testify that he had once been in a chain gang. Finding the defendant's claims of error without merit, we affirm. *Held*:

1. The question of whether the trial court abused its discretion in denying defendant's motion for mistrial grounded on the claim that the court erred in informing the prospective jurors of the felony underlying the possession charge was waived.

The record shows that the trial court read the complained-of possession charge without objection after a bench conference in charging the jury venire before voir dire and jury selection. Trial counsel moved for mistrial the following day as the trial resumed, belatedly requesting that the possession charge be bifurcated under *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984), or that a limiting instruction complying with *Head* be given. The trial court tailored such an instruction and gave it as a part of its preliminary instruction to the jury, although the State's attorney agreed to a bifurcation of the trial.[2] Trial counsel offered no objection to the instruction as given and did not renew his motion for mistrial.

Failure to object contemporaneously, as here, results in waiver of an objection to the admission of the defendant's prior convictions. *Spencer v. State*, 260 Ga. 640, 646 (9) (398 SE2d 179) (1990); see also *Thaxton v. State*, 260 Ga. 141, 143 (5) (390 SE2d 841) (1990); *Peoples v. State*, 184 Ga. App. 439, 440 (2) (361 SE2d 848) (1987). Waiver also

---

[2] The State subsequently nolle prossed the possession charge.

results for the further reason that trial counsel failed to renew his motion for mistrial after the trial court gave the curative instruction he requested. *Woodham v. State*, 263 Ga. 580, 582 (3) (439 SE2d 471) (1993); *McBride v. State*, 213 Ga. App. 857, 858 (3) (b) (446 SE2d 193) (1994). Even in the absence of waiver, a trial court does not abuse its discretion in granting requested relief. See *Staples v. State*, 209 Ga. App. 802, 804 (4) (434 SE2d 757) (1993). Moreover, induced error does not furnish a basis for appeal. *Mercier v. State*, 203 Ga. App. 494, 495 (3) (417 SE2d 430) (1992). Under the circumstances of this case, defendant, in effect, invited such error by his failure to object at the bench conference conducted to consider the admissibility of the prior conviction about which he complains.

However, even in the event of error, the evidence against the defendant at trial was overwhelming. The victim identified the defendant in court as the individual who shot and robbed him. The defendant confessed to the co-defendant, stating, "Oh, I left that man for dead." The co-defendant testified that the defendant had earlier sold a handgun which she did not know he had. Two neutral witnesses heard a gunshot and then saw the defendant leave the crime scene in the victim's car. One of the witnesses identified the defendant in court. Another disinterested witness saw a man fitting defendant's description abandon the victim's car. The police recovered the victim's property in the defendant's car. The defendant fled from the police, leading them on a 20-minute chase before his arrest. Given the overwhelming evidence of the defendant's guilt, any error would have been harmless. *Coleman v. State*, 271 Ga. 800, 803 (3) (523 SE2d 852) (1999).

2. Neither did the trial court err in denying the defendant's motion for mistrial upon the co-defendant's testimony describing him as an individual who carried a gun. Asked on cross-examination, "The gun he sold, had you ever seen it," the co-defendant and State's witness replied, without objection, "No. I know he tote a gun, a .38." Thereafter, the trial court instructed the jury to disregard the answer "in toto[ ]" as unresponsive. In light of the immediate curative instruction of the court, the nature of the comment as unresponsive, and the overwhelming evidence of the defendant's guilt otherwise, we find no abuse of discretion in the denial of the motion for mistrial. *James v. State*, 270 Ga. 675, 677 (4) (513 SE2d 207) (1999); *Hansley v. State*, 267 Ga. 48, 49 (3) (472 SE2d 305) (1996).

3. Further, asked on cross-examination, "Do you think it would have been a good idea to bring [your copy of the lease corroborating your previous address] with [you]," the defendant voluntarily placed his character in issue testifying

I — I can't — well, in order to answer that question, I mean for me to say — what I'm trying to say, for me to bring, bring

the papers with me, I mean, I have been in jail for two years. How am I going to bring the papers? Just put it that way. I have been in jail for two years. How's I'm going to bring the paper? You know this.

Immediately following this exchange, the State's attorney asked several questions aimed at showing that the defendant had most recently lived at his mother's home. On this, defendant replied that he had lived in a chain gang, and for a third time trial counsel moved for mistrial, contending that the prosecutor's questions put the defendant's character in issue.

The record shows that the trial court chose to give a curative instruction on this issue, denying the motion for mistrial thereon. Additionally, because the defendant voluntarily placed his bad character in evidence before being questioned as to where he had lived, he cannot complain on appeal that the nature of the cross-examination which followed was prejudicial as requiring him to reveal that he had earlier lived in a chain gang. "An appellant must show harm as well as error to prevail on appeal; error to be reversible must be harmful. [Cits.]" *Tarleton v. Griffin Fed. Sav. Bank*, 202 Ga. App. 454, 455 (2) (b) (415 SE2d 4) (1992); *Brantley v. State*, 177 Ga. App. 13, 18 (3) (338 SE2d 694) (1985).

The grant or denial of a motion for mistrial is a matter which necessarily resides largely within the sound discretion of the trial judge, and unless it is clear that a mistrial is essential to preserve the right to a fair trial, the exercise of a judge's discretion will not be disturbed on appeal. *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315) (1982); see also *Jones v. State*, 212 Ga. App. 473, 474 (442 SE2d 20) (1994); *Bess v. State*, 207 Ga. App. 295, 296 (427 SE2d 813) (1993). Given the circumstances of this case, the trial court did not abuse its discretion in denying the motions for mistrial complained of.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 28, 2001.

*Robert J. Storms*, for appellant.

*J. Tom Morgan, District Attorney, Andrette Watson, Barbara B. Conroy, Assistant District Attorneys*, for appellee.