A01A2012. TAYLOR v. THE STATE.
(559 SE2d 499)

BLACKBURN, Chief Judge.

Appellant John Willard Taylor was convicted by a jury of robbery. He appeals, arguing both that one of the State's witnesses improperly commented on his exercise of his right to remain silent and also that his trial counsel's failure to object to the witness's improper comment rendered his assistance ineffective. For the reasons set forth below, we affirm.

1. The statement about which Taylor complains, italicized below, was made in the following context:

Q: And did he make any statements while he was being transported to jail?

---

A: Yes. About halfway down to the jail, my sergeant was riding with me, due to his vehicle having difficulties, but we were riding and just kind of chatting back and forth. Nobody had never said anything to Mr. Taylor and then a few minutes later —.
Q: Nobody said anything to Mr. Taylor about what?
A: About where the robbery occurred, how it occurred, or anything of that nature, at that time.
Q: Uh-huh (affirmative).
A: I had read him, right before we left, I did *Mirandize* Mr. Taylor and asked him if he would care to speak with me about, you know, a robbery that took place in the area; I explained to him that he did not have to, due to an attorney.
Q: Okay.
A: *And he said no, that he didn't want to talk to me, he wanted to talk to his attorney.*
Q: Okay.
A: So, at that time, we went ahead and we started going down to the jail. We didn't speak with him anymore about the incident. And he says, "You can take me back to the fruit stand. I was never there. You won't find my feet print there."
Q: So, he told you to take him back to the fruit stand?
A: Correct.

(Emphasis supplied.)

Taylor's challenge of the police officer's comment has not been preserved for appeal because he failed to object to this testimony at trial. *Allen v. State*.[1] Assuming error, however, for purposes of addressing his claim that his trial counsel rendered ineffective assistance by failing to object to this testimony, we nonetheless find that the officer's comment does not constitute reversible error.

> Improper reference to a defendant's silence does not automatically require reversal; the error may be found to be harmless beyond a reasonable doubt. The determination of harmless error must be made on a case by case basis, taking into consideration the facts, the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of defendant's guilt.

(Citation and punctuation omitted.) Id. at 515-516 (5).

Several considerations support our conclusion that there was no reversible error. First of all, the case against Taylor was a strong one.

[1] *Allen v. State*, 272 Ga. 513, 515 (5) (530 SE2d 186) (2000).

The jury was authorized to find that on the evening of October 3, 1998, Ples Garner, the victim, was sitting in front of his fruit stand when he was approached by Taylor, who took a seat beside Garner in an old chair whose green paint was flecking off and began a conversation. Taylor, who had long hair and tattoos on his arms and chest, was shirtless and wearing blue jeans and black shoes. Kelly Landis, who drove past the fruit stand, testified that she saw a shirtless man with tattoos on his arms and chest sitting and talking with Garner, whom she knew well and whose stand she passed every afternoon.

After more than a half-hour of conversation, Taylor indicated that he would buy a cantaloupe if he had the money. When Garner stood to get him a melon, Taylor jumped up, struck Garner on the shoulder, grasped him around the ribs, and yanked Garner's wallet from his pants pocket, ripping the pocket in doing so. The wallet, which contained $443, fell to the ground as Taylor released Garner, and all but $20 spilled out. Taylor picked up the wallet and ran, leaving the rest of the money in the dirt. Garner, lying on his side at the edge of the road, saw Taylor leave the road and enter the woods; the next day he found his wallet at the point at which Taylor had gone into the woods.

Garner went to the house of his daughter, who lived a short distance away, and called the police. He described Taylor to an officer, who relayed the description on his radio, and a short time thereafter Taylor was apprehended about a quarter-mile from Garner's stand. He was shirtless and wearing blue jeans and black shoes, with tattoos on his arms and chest, and flecks of green paint on his bare back. When word came that a suspect matching the description had been apprehended, Garner and Landis were taken to make an identification; both immediately identified Taylor.

This evidence, viewed in a light to uphold the verdict of guilt, was more than sufficient to satisfy the standard required by *Jackson v. Virginia.*[2]

Beyond this, when testimony concerning a defendant's remaining silent is made during a witness's narrative of a course of events and is not intended to be, nor has the effect of being, probative on the guilt or innocence of the defendant, it is not prejudicial. *Taylor v. State.*[3] "In fact, 'to reverse a conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury.' [Cit.]" Id. In this case, it is clear that the comment to which Taylor objects was inadvertent, part of a

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Taylor v. State,* 272 Ga. 559, 561 (2) (d) (532 SE2d 395) (2000).

narrative of events, and not an intentional reference by the prosecution to silence on Taylor's part where an innocent man would protest his innocence. *Ford v. State*.[4] On the contrary, the purpose behind the testimony was to show that Taylor had knowledge that the robbery had been committed at Garner's fruit stand even though none of the officers had revealed where the robbery had taken place.

Finally, "the prosecutor did not follow up on that portion of the [officer's] statement referencing appellant's pretrial silence and made no attempt to capitalize on this issue during trial." *Allen*, supra at 516 (5). Far from dwelling on the reference to Taylor's silence, the prosecutor passed over the reference in his eagerness to pursue the officer's narrative. In light of these factors, we find that even if error is assumed, the error would have been harmless beyond a reasonable doubt.

2. Taylor next argues that his trial counsel's assistance was ineffective because of counsel's failure to object to the officer's comment on the exercise of his right to remain silent. To prevail on his claim of ineffective assistance of counsel, Taylor must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*.[5] "Based on our holding that any error in the admission of the [officer's] testimony was harmless, trial counsel's failure to object to this testimony constitutes neither deficient performance nor prejudice to appellant." *Allen*, supra at 516 (6) (a).

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 25, 2002.

*Lloyd J. Matthews*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.

---

[4] *Ford v. State*, 219 Ga. App. 562, 564 (466 SE2d 11) (1995).
[5] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).