## A02A1392. ROADERICK v. THE STATE.
(570 SE2d 382)

BARNES, Judge.

A jury convicted Robert Lee Roaderick of rape, aggravated assault, and battery. The trial court merged the rape and aggravated assault convictions and sentenced him to serve 20 years without parole under the recidivist statute, OCGA § 17-10-7 (c). Roaderick appeals, contending that the trial court erred in denying his motion for mistrial after a State's witness testified that he knew Roaderick from jail. For the reasons that follow, we affirm the convictions.

Generally, "[t]he general character of the parties and especially their conduct in other transactions are irrelevant matter . . ." (OCGA § 24-2-2), and "no evidence of [a criminal defendant's] general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." OCGA § 24-9-20 (b).

> When prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial. It is up to the trial court to decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions.

(Citation and punctuation omitted.) *Scruggs v. State*, 273 Ga. 752, 753-754 (2) (545 SE2d 888) (2001). Whether to grant a motion for mistrial lies largely within the trial court's discretion, especially if the motion is triggered by a witness's remark that was not invited by the court or opposing counsel. *Holcomb v. State*, 130 Ga. App. 154, 155 (1) (202 SE2d 529) (1973), disapproved on other grounds, *Stevens v. State*, 242 Ga. 34, 39 (5) (247 SE2d 838) (1978). If the trial court properly instructs the jury and the remark is not so prejudicial that it violates the defendant's right to a fair trial, we will not reverse the court's decision. *Holcomb v. State*, supra, 130 Ga. App. at 155. Additionally, "mere mention that a defendant has been in jail falls short of placing his character at issue. [Cit.]" *Taylor v. State*, 272 Ga. 559, 561 (2) (c) (532 SE2d 395) (2000).

In this case, the State asked its witness how he knew Roaderick. The witness answered, "Him and my brother was friends when they was growing up and from the jail." The jurors were excused, and Roaderick moved for a mistrial. The trial court then questioned the witness further about having known Roaderick from jail, and the

State requested curative instructions. When the jurors returned to the courtroom, the trial court issued the following instructions:

> You know, sometimes I have a hard time hearing what's going on, and — and I'm closer to the people than you are. The last question that the district attorney asked this witness is how do you know — where do you know Robert from. How many of you heard his complete answer? [Whereupon, the jurors nodded affirmatively.] If you can, raise your right hand. [Whereupon, all 13 jurors indicated to the Court that they heard the witness's complete answer.] All right. Let me explain what went on. He said that he knew him from growing up, and did all of y'all hear anything else that was said? What he said was, "And from jail." And I asked him about what he meant. He said several years ago that he was in jail — this witness was in jail on a probation violation, and Robert was there as a runaround. Now then, what happened four years ago or what happened any time ago before this event is not to have any significance in the trial of this case, and I — I really seriously question in my own mind that that kind of statement under these — this context is doing anything that will prejudice the juror's mind, either against this witness or against the defendant, but I've got to ask you a question, and I'll ask all thirteen of you this. By — by asking you about this, I'm not meaning to emphasize it, but I've got to address the issue. Can you decide the facts of this case on the basis of the evidence concerning this case and — and not on what this witness said about having known the defendant as a runaround on the jail — in the jail four or five years ago? Can you put that out of your mind completely? [Whereupon, all 13 jurors raised their hands.] All right. Let the record reflect that all the jurors raised their right hand. Now then, please don't mention this again during the — the trial that this came out, and the fact that I'm saying something to you now is not meant to emphasize it or cause any attention to it, but the matter came up, and I need — and I will trust what your decision is, and you've told me that it will have no factor in this case.

The trial court then called the lawyers to the bench. Roaderick renewed his motion for a mistrial, which the court denied. After the bench conference concluded, the judge again addressed the jury.

> All right. All right. We're going to go with what we've got. Sometimes, I have to try cases as a judge and I don't have

the benefit of a jury to try things, and, normally, almost anything that wants to be said is let in when you're a judge because the judge is supposed to determine what's admissible and what's not admissible, and the way I do this, if I hear a case, and a whole lot of stuff comes in and it's not admissible, I realize from a practical standpoint, there is no way in the world I can get an eraser and erase it off my mind because it's there, but what I do, when I come down to start making the decision, I put these things that I have determined are not admissible over to the side there. I know they are back there, but I don't use those in making up my mind as to what decision I have to make, and that's what I'm asking you to do, and you have said you could do it. Thank you.

Roaderick argues that the trial court erred in failing to order that the inadmissible testimony be stricken and that the jury disregard it in its deliberation. He also characterizes the instructions as "excessively deferential to the jury."

While the trial court did not use the words "stricken" and "disregard," it asked the jurors if they could put the testimony out of their minds completely, to which all responded affirmatively. The court then noted that the jurors had indicated that the evidence would not factor into their decision.

In a similar case, when asked how he knew the defendant, a witness responded that he had met him in jail. The Supreme Court of Georgia held that the trial judge's instruction to the jury to ignore the answer and not consider it was sufficient and the failure to grant a mistrial was not error. *Woods v. State*, 233 Ga. 495, 498 (2) (212 SE2d 322) (1975).

Roaderick also argues that the trial court's instructions exacerbated and emphasized the inadmissible evidence. The witness testified outside the presence of the jury, and when the jury returned to the courtroom, the trial court repeated some of the witness's testimony. While the better practice would be to avoid repeating to a jury a witness's testimony made outside the jury's presence, in light of case law holding that a reference to being in jail does not put the defendant's character into evidence, we find that the trial court's curative instructions in this case were not reversible error.

"In light of the immediate curative instruction of the court, the nature of the comment as unresponsive, and the overwhelming evidence of the defendant's guilt otherwise, we find no abuse of discretion in the denial of the motion for mistrial." (Citation omitted.) *Holt v. State*, 248 Ga. App. 334, 336 (2) (546 SE2d 83) (2001).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 19, 2002.

*Barry V. Smith,* for appellant.
*Fred R. Simpson, Acting District Attorney, Kay A. Wetherington, Assistant District Attorney,* for appellee.