## A03A1955. WOOD v. THE STATE.
(592 SE2d 455)

JOHNSON, Presiding Judge.

A jury found Johnny Wood guilty of manufacturing methamphetamine and selling methamphetamine. Wood appeals from the convictions entered on the verdict, arguing that his attorney provided ineffective assistance at trial. After an evidentiary hearing at which Wood's trial counsel testified, the trial court determined that trial counsel was effective. We find no basis upon which to reverse the trial court's determination.

Viewed in a light most favorable to the verdict, the evidence shows that a confidential informant contacted agents with the Georgia Bureau of Investigation ("GBI") and reported that Wood and Tommy Walters were manufacturing and distributing methamphetamine from a mobile home on East Bob White Road in Warner Robins.

Based on the information, GBI agents enlisted the informant's assistance to make a controlled buy from the home. On June 9, 2000, the informant was given $200 in marked funds to purchase an "eightball" (3.5 grams) of methamphetamine. The informant went to the back door of the residence, where he was greeted by Walters. Walters escorted the informant into a bedroom. Wood, who was in the bedroom, handed the methamphetamine to Walters, saying "y'all go somewhere else to do this, don't do it in front of me." Walters and the informant went into a bathroom. The informant handed the money to Walters and Walters handed the drugs to the informant. Walters then asked the informant to give him a "pinch" of the methamphetamine the informant had just purchased. The informant and Walters went back to the bedroom, and Walters smoked a portion of the drugs. Walters gave the $200 to Wood.

Three days later, police obtained a warrant to search the premises. During the search, officers found pseudoephedrine pills, methamphetamine, Xanax pills, scales, a gas generator, starting fluid cans, glass jars, boxes of salt, and hypodermic needles. A GBI agent and other witnesses testified that several of these items are used in the manufacture and sale of methamphetamine. Agents also found Wood's wallet in the master bedroom. Wood was not present at the time of the search, as he was incarcerated on other charges.

Michael Leiby, who rented the mobile home from its owner, testified that he subleased a bedroom in the home to Wood. Leiby stated that Wood sometimes paid his rent in methamphetamine. Using shopping lists and specific directions provided by Wood, Leiby shopped for the products Wood needed to make the methamphetamine. Leiby allowed Wood to cook the methamphetamine on the premises, and he sometimes watched Wood make the drug. Leiby's girlfriend, who also lived in the home, testified that she too bought the ingredients Wood needed for the manufacture of methamphetamine.

To establish a claim of ineffective assistance of counsel, Wood must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been

different but for that deficiency.[1] Wood must establish both the performance and the prejudice components of the *Strickland* test.[2] A conviction will not be reversed on the basis of ineffective assistance of counsel unless counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.[3] In determining the effectiveness of counsel, this court looks to the totality of the representation provided by counsel.[4]

1. Wood first contends that trial counsel was ineffective because counsel failed to object when the state placed his character into issue. Specifically, Wood points to (a) comments by the state's witnesses that Wood was in jail on an unrelated charge at the time the search warrant was executed, and (b) the state's introduction of evidence of his alleged criminal activity outside the dates specified in the indictment. These arguments present no grounds for reversal.

(a) Defense counsel asked a GBI agent on cross-examination if he knew why Wood's wallet was found in a room in Leiby's home. The agent responded, "I believe Leiby had taken the wallet and placed it in the room. Something about he was going to take it to [Wood], who was in the Houston County Jail." Then, on redirect examination, the prosecutor asked the agent, "If Mr. Wood was already in jail on this date [(June 12, 2000)], why did y'all go ahead and execute the [search] warrant?" The witness replied that after the controlled drug buy took place, the agents learned "that Mr. Wood had been arrested on some unrelated domestic violence charge." Wood says that, including the above comments, the state's witnesses mentioned his being in jail a total of five times, all without objection.

We note that merely mentioning that a defendant has been in jail falls short of placing his character at issue.[5] And relevant evidence is not rendered inadmissible simply because it incidentally places a defendant's character in issue.[6]

More importantly, in light of overwhelming evidence that Wood manufactured and sold methamphetamine, any error in the admission of the testimony that he was jailed on an unrelated charge was harmless. Trial counsel's failure to object to this testimony constitutes neither deficient performance nor prejudice to Wood.[7]

---

[1] *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Ney v. State,* 227 Ga. App. 496, 499 (4) (489 SE2d 509) (1997).

[2] *Johnson v. State,* 222 Ga. App. 722, 728 (9) (475 SE2d 918) (1996).

[3] *Ney,* supra.

[4] *Jacobson v. State,* 201 Ga. App. 749, 753 (5) (d) (412 SE2d 859) (1991).

[5] *Roaderick v. State,* 257 Ga. App. 73 (570 SE2d 382) (2002).

[6] See generally *Walker v. State,* 197 Ga. App. 265, 266 (398 SE2d 217) (1990).

[7] See generally *Taylor v. State,* 253 Ga. App. 468, 471 (2) (559 SE2d 499) (2002).

(b) The indictment alleged that Wood manufactured methamphetamine between June 1 and June 9, 2000. Leiby was permitted to testify, without objection, that he and other people in the house used methamphetamine "in May and June," and that toward the end of May he helped Wood shop for the ingredients used to make the drug. Contrary to Wood's position, testimony that the ingredients were purchased in the end of May had some tendency to prove the allegations in the indictment: ingredients purchased in late May might have been used in the production of methamphetamine between June 1 and June 9.[8] And, testimony that others in the house used drugs in May (and June) was not necessarily harmful to Wood; there was other testimony that he used methamphetamine in June, when the controlled buy occurred, and Leiby did not state that Wood was one of the persons who used the drug in June. Counsel was not deficient for failing to object to this testimony.

2. Wood further urges that trial counsel was ineffective because he failed to object to statements by the prosecutor which bolstered the state's witnesses' credibility. After the informant testified, the prosecutor said, "I appreciate your honesty in front of this jury." Then, during the redirect examination of Leiby, the prosecutor remarked, "thank you, I appreciate your honesty."

Wood is correct that it is improper for a party to bolster the testimony of his witness if that witness has not been impeached.[9] A witness' credibility is an issue for the jury to decide.[10] We agree with Wood that the prosecutor's remarks were improper. However, given the overwhelming evidence of Wood's guilt, we do not agree that the statements contributed to the verdict.[11]

3. Wood criticizes his attorney for failing to adequately investigate the case. He says counsel did not interview any of the state's witnesses, failed to perform a background check on the state's witnesses, and did not have copies of any of the witnesses' statements.

At the hearing on the motion for a new trial, Wood's trial counsel admitted that he did not interview the state's witnesses or perform any background checks on them, and that he did not remember whether he saw copies of the witnesses' statements. Trial counsel stated that he interviewed Wood on several occasions while he was incarcerated, that he spoke with Wood's girlfriend and the district attorney about the case, and that he reviewed the state's entire file and the police report in the case. Counsel remarked that he probably

---

[8] See generally *West v. State*, 228 Ga. App. 713, 717 (4) (492 SE2d 576) (1997) (evidence is relevant when it logically tends to prove a material fact which is at issue in the case).

[9] See *State v. Braddy*, 254 Ga. 366, 367 (330 SE2d 338) (1985).

[10] *Godfrey v. State*, 187 Ga. App. 319, 320 (370 SE2d 183) (1988).

[11] See generally *Jenkins v. State*, 235 Ga. App. 547, 548 (2) (510 SE2d 87) (1998).

did not file any discovery motions in the case because he did not think it necessary, as he had the opportunity to review the state's entire file on several occasions. The transcript shows that counsel, who had been practicing law for 28 years and had tried criminal cases throughout that entire period, actively participated in all aspects of the trial, including selecting the jury, cross-examining witnesses, voicing objections, arguing legal issues to the court, and making opening and closing statements. Wood has not satisfied the second prong of the *Strickland* test in that he has not shown how the outcome of the trial would have been different but for the performance of trial counsel.[12]

4. We also reject Wood's claim that trial counsel was ineffective because he failed to request jury instructions on the principles of mere suspicion, guilt by association, or presence at the scene of the crime.

Although the trial court did not give instructions on those specific principles, it did charge the jury on such matters as the presumption of innocence; the state's unalterable burden to establish guilt beyond a reasonable doubt; the jury's duty to determine the credibility of witnesses; the state's duty to prove that the defendant knew that methamphetamine was being manufactured and sold, and that he knowingly participated in or helped commit those crimes; the jury's responsibility to acquit him if the evidence showed that he had no knowledge that crimes were being committed or did not knowingly participate or help in the commission of the crimes; and the requirement that the evidence connect the accused to the criminal act.

Based on these instructions and the uncontradicted evidence, the trial court was authorized to conclude that Wood failed to establish he was prejudiced by counsel's failure to request specific instructions on mere suspicion, presence, and guilt by association in that there is no reasonable probability that, but for this omission, the outcome of the trial would have been different.[13] In fact, the omitted instructions were not warranted inasmuch as several witnesses testified directly about Wood's participation in the manufacture and sale of methamphetamine. Trial counsel's decision not to request the instructions did not constitute ineffective assistance.[14]

The trial court's finding that Wood was not denied reasonably effective assistance is not clearly erroneous.[15]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

---

[12] See *Lovelace v. State*, 241 Ga. App. 774, 776 (3) (b) (527 SE2d 878) (2000).

[13] See *Lowe v. State*, 241 Ga. App. 335, 336-337 (1) (b) (526 SE2d 634) (1999).

[14] See *Ney*, supra at 502-503 (4) (g).

[15] See *Jacobson*, supra at 753-754 (5) (d).

DECIDED DECEMBER 16, 2003.

*Grantham & Peterson, William M. Peterson*, for appellant.
*Kelly R. Burke, District Attorney, Amy E. Smith, Assistant District Attorney*, for appellee.