[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16016
Non-Argument Calendar

_____

D. C. Docket No. 06-00334-CV-JEC-1

ANTONIO EVANS,

Petitioner-Appellant,

versus

VICTOR WALKER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 11, 2007)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Georgia state prisoner Antonio Evans appeals pro se the denial of his

petition for a writ of habeas corpus.  The district court granted a certificate of appealability on the issue whether Evans's trial counsel was ineffective for failing to object, move for a curative instruction, and move for a mistrial after a state witness arguably placed Evans's character in issue.  Because Evans failed to establish that the decision of the state court was "contrary to" or "an unreasonable application of" Supreme Court precedent, 28 U.S.C. § 2254(d)(1), we affirm.

At Evans's trial for felony murder and possession of a firearm by a convicted felon, defense counsel asked a state witness during cross-examination whether the witness sold drugs.  The state witness then denied selling drugs and volunteered that Evans sold drugs.  Evans argues that his trial counsel was ineffective for failing to object, move for a curative instruction, and move for a mistrial.  Evans maintains that this error undermined the validity of the verdict, and that there is a reasonable probability that, but for this error, the result of the trial would have been different.

We review de novo the denial of habeas relief by the district court, McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005), cert. denied, 126 S. Ct. 1828 (2006), but Crowe's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, which limits our review of the decisions of the state courts and establishes a "general framework of substantial deference" for

2

reviewing "every issue that the state courts have decided." Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th Cir. 2005). A federal court may not grant habeas relief on claims that were previously adjudicated in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . . or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court decision is "contrary to" established law if (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) a state court confronts facts "materially indistinguishable" from relevant Supreme Court precedent, but reaches an opposite result. Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000). A state court decision is an "unreasonable application" of clearly established law if the state court unreasonably applies controlling law, or unreasonably extends, or fails to extend, a legal principle to a new context. Id. at 407, 120 S. Ct. at 1520. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

To establish ineffective assistance of counsel, a defendant must prove that (1) the performance of his attorney was constitutionally deficient, and (2) he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). An attorney's performance is measured for "reasonableness under prevailing professional norms." Id. at 688, 104 S. Ct. at 2065. To prove prejudice, Evans "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. If the defendant fails to satisfy his burden under either part of this test, we need not address the other part. Id. at 697, 104 S. Ct. at 2069.

Under Georgia law, the government is not allowed to introduce evidence of the character of a defendant unless the defendant first puts his character in issue, either through his own unsworn statements or by witnesses who testify about his reputation in the community. Jones v. State, 363 S.E.2d 529, 532 (Ga. 1988). A nonresponsive answer "does not place the defendant's character in issue," even if the answer impacts negatively on the character of the defendant. Id. In Hansley v. State, for example, when a state witness was asked if he was familiar with the murder weapon, he volunteered that he had previously seen Hansley draw the weapon and point it at a friend of the witness. 472 S.E.2d 305, 306 (Ga. 1996).

4

Hansley unsuccessfully moved for a mistrial on the ground that the statement of the witness put his character in issue. Id. The Georgia Supreme Court affirmed the order of the trial court denying Hansley's motion for a new trial, reasoning that "[a] nonresponsive answer that impacts negatively on a defendant's character does not improperly place the defendant's character in issue." Id.

The conclusion of the state habeas court that Evans failed to satisfy the Strickland test was not an unreasonable application of federal law. Evans failed to establish that his trial counsel was ineffective for failing to object to the testimony of the state witness that Evans sold drugs because there was no basis for an objection under Georgia law. See Jones, 363 S.E.2d at 535. Evans failed to prove that the performance of his attorney was deficient.

The denial of Evans's petition for a writ of habeas corpus is

**AFFIRMED.**

5