## 60073. EARLEY v. THE STATE.

SOGNIER, Judge.

Earley was convicted of theft by shoplifting in a trial without a jury; thereafter, he pleaded guilty to a second charge of criminal trespass. On appeal he contends the evidence is not sufficient to

support the finding as to theft by shoplifting, and the trial court erred by accepting his guilty plea for criminal trespass.

1. The only record of the trial for us to review is an affidavit by appellant's trial defense counsel summarizing both the testimony of the state's only witness and appellant's testimony denying that he committed the offense charged. The summary of testimony by the state's witness is sufficient to support the finding of appellant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979). Since credibility of witnesses is a matter for determination by the trier of fact, *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975), we find no reason to disturb the finding of guilty. Although appellant contends the state failed to establish all essential elements of theft by receiving (namely, ownership of the goods taken), the evidence discloses that the goods taken were on display in a supermarket and were for sale to the public. It can be inferred from the fact that the goods were on sale in a supermarket that such property was owned by the supermarket. " 'The ostensible ownership is, however, enough to justify the description. So far as the thief is concerned, he can not question the title of the apparent owner.' " *Randolph v. State,* 16 Ga. App. 328, 329 (85 SE 258) (1915); *Hall v. State,* 132 Ga. App. 612 (208 SE2d 621) (1974). Accordingly, this enumeration is without merit.

2. With regard to the alleged error in accepting appellant's guilty plea, our Supreme Court has held that "after the pronouncement of sentence a motion to withdraw a plea of guilty addresses itself to the sound discretion of the trial court, and this discretion will not be disturbed unless manifestly abused. *Thomas v. State,* 231 Ga. 298 (201 SE2d 415) (1973)." *Conlogue v. State,* 243 Ga. 141 (253 SE2d 168) (1979). We find nothing in the record to indicate the trial judge abused his discretion and thus, this enumeration is without merit.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JUNE 4, 1980 — DECIDED SEPTEMBER 5, 1980.

*Donald J. Stein,* for appellant.
*Hinson McAuliffe, Solicitor, Donald English, Paul McCommon, III, Assistant Solicitors,* for appellee.