## 74327. GRANT v. THE STATE.
(356 SE2d 730)

BANKE, Presiding Judge.

The appellant, Clarence Grant a/k/a Webb, was indicted for the theft of a 1968 Chevrolet Camaro automobile alleged to be property of J & H Motors, and also for concealing the identity of the vehicle. He was found guilty on both counts, but the trial court subsequently granted his motion for new trial with respect to the offense of concealing the identity of a motor vehicle. He appeals the denial of his motion for new trial with respect to the theft conviction.

Mr. Stan Eddy testified that in December of 1984, while employed as a mechanic for J & H Motors, he accompanied the appellant on a test drive of a black, 1968 Camaro which was for sale on the J & H lot. Mr. Eddy stated that after returning from the test drive, he went inside the dealership's office at the appellant's request to make an inquiry concerning the price of the vehicle and that, as he was doing so, the appellant got back inside the vehicle and drove away in it without authority. Mr. Eddy testified that there was no doubt in his mind that the appellant was the person who had taken the car.

A few weeks later, on January 23, 1985, the appellant drove a black Camaro automobile onto the lot of another used car dealership and began talking with the operator of that dealership, Mr. Wayne Tomlinson, about purchasing an automobile for his daughter. Mr. Tomlinson testified that he immediately recognized the Camaro as a vehicle he had previously attempted to purchase from J & H Motors. Evidently aware that the vehicle had been reported stolen by J & H Motors, he immediately contacted J & H by telephone to determine if it was still missing. The police were then summoned to the scene, and soon thereafter Mr. Eddy arrived and identified the appellant to the police as the person who had stolen the vehicle.

In his defense, the appellant produced a notarized bill of sale ostensibly obtained from a Mr. Tom Young, specifying as follows: "I Tom Young sold Clarence Webb a 1968 Camaro for $800.00 December 20, 1984." The appellant also produced a current tag receipt for the Camaro, dated January 11, 1985. However, it was established that the vehicle identification number shown on both the tag receipt and the bill of sale was not that of the Camaro but that of a 1973 Nova owned by the appellant.

The appellant testified that he had purchased the Camaro from Mr. Young for $800 after meeting him at a package store one weekend and being informed by him that "he was in the process of selling [the car] because he had to go back to Florida because the car had a Florida tag on it." The appellant explained that upon taking the bill of sale given to him by Mr. Young to the tag office to purchase a tag for

the car, he had been informed that he needed the car's serial number, whereupon he had telephoned his wife at home and asked her to go outside and record the serial number from the dashboard of the car. Apparently misunderstanding which vehicle he was talking about, she had recorded the serial number of the Nova and had reported that number to the tag official over the telephone. Consequently, the tag official had written that number on the bill of sale and issued a tag receipt for the Camaro bearing that number.

The appellant's wife corroborated the appellant's testimony regarding the purchase and registration of the vehicle in all material respects. She further testified that she had withdrawn the $800 used to purchase the vehicle from her savings account at C & S Bank; however, no bank records were produced to document such a withdrawal. *Held*:

1. The evidence was amply sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the theft of the Camaro. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The appellant's contention that the ownership of the vehicle was not sufficiently established is without merit. " 'So far as the thief is concerned, he cannot question the title of the apparent owner.' (Cits.)" *Hall v. State*, 132 Ga. App. 612 (208 SE2d 621) (1974). See also *Earley v. State*, 155 Ga. App. 576 (1) (271 SE2d 709) (1980).

2. The appellant contends that the trial court erred in failing to charge the jury, without request, that a person is not guilty of theft if he has acted under an honest claim of right with respect to the property in question. See generally OCGA § 16-8-10 (2). While this argument has some surface appeal, it does not survive closer examination. The state's evidence was to the effect that the appellant had personally taken the car from the lot of J & H Motors after test driving it in the company of Mr. Eddy. The appellant's defense to that charge was simply that Mr. Eddy's identification of him was mistaken and that he had in fact acquired possession of the vehicle in an altogether different manner. Had the appellant been on trial either for stealing the vehicle from Mr. Young or for receiving stolen property, then a charge to the effect that he could not be found guilty if he had acted under an honest claim of right would certainly have been appropriate and necessary. However, inasmuch as he was indicted and tried for stealing the vehicle directly from J & H Motors, such a charge was not required.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED APRIL 17, 1987.

John W. Johnson, for appellant.

Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney, for appellee.