## A06A0261. BAUGHCUM v. THE STATE.
(627 SE2d 855)

ELLINGTON, Judge.

A Bartow County jury found James Michael Baughcum guilty of two counts of aggravated child molestation, OCGA § 16-6-4 (c), and five counts of child molestation, OCGA § 16-6-4 (a). Baughcum appeals from the denial of his motion for new trial, contending the trial court erred in denying his request for a pre-trial hearing on the issue of ineffective assistance of counsel and in denying his motion for a mistrial after the admission of improper character evidence. Finding no reversible error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows that Baughcum repeatedly molested L. C., a girl he hired to babysit his children. L. C., who was 13 years old when the

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

sexual abuse began, testified that Baughcum kissed her, fondled her breasts and genitals, had sexual intercourse with her, orally sodomized her, and had her perform oral sex on him. L. C. testified that Baughcum molested her about 70 times during a period that extended from January 2002 through the summer of 2002. Baughcum's children, J. B. and A. B., who were then about seven and ten years old, respectively, witnessed their father molest L. C. A. B. and outcry witnesses testified that Baughcum also molested A. B. on two occasions by inserting his finger into his child's vagina. The State introduced into evidence the videotaped interview of A. B., which was played for the jury. The State also submitted the similar transaction testimony of J. K., Baughcum's daughter from his first marriage, who testified that Baughcum orally sodomized her when she was about four years old.

1. Baughcum contends the trial court erred in denying his motion for a mistrial when, on cross-examination, similar transaction witness J. K. testified that Baughcum had been in jail for failing to pay child support and had surrendered his parental rights to J. K. The information was volunteered by the witness during a line of questioning by the defense which was intended to demonstrate that J. K. had very little contact with her father during her childhood. Baughcum moved for a mistrial, but the court denied the motion, giving curative instructions instead. The court instructed the jury to disregard J. K.'s statements and asked whether any juror would be unable to do that. The jurors indicated they could comply with the court's instruction. The court then had the jury step out while it admonished the witness to answer only the lawyer's questions and to not volunteer prejudicial information.

As we have held, when a prejudicial matter comes before the jury, "a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial." *Lanier v. State*, 269 Ga. App. 284, 288 (2) (603 SE2d 772) (2004). However,

> [i]t is up to the trial court to decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions. Whether to grant a motion for mistrial lies largely within the trial court's discretion, especially if the motion is triggered by a witness's remark that was not invited by the court or opposing counsel. If the trial court properly instructs the jury and the remark is not so prejudicial that it violates the defendant's right to a fair trial, we will not reverse the court's decision. Additionally, mere

mention that a defendant has been in jail falls short of placing his character at issue.

(Citation and footnote omitted.) Id. In this case, the witness's comments were relatively brief, were volunteered during a line of questioning intended to show that J. K. had very little contact with her father, and were not elicited by the prosecution or the trial court. Thus, the statements, in context, were not unduly prejudicial. See id. Further, the trial court properly and promptly instructed the jury. Given these circumstances, we find no abuse of discretion in the court's decision to give curative instructions rather than to grant a mistrial. See id.

2. Baughcum contends the trial court erred "in failing to conduct a pre-trial hearing on Defendant's request for new appointed counsel, to address his claim that trial counsel was ineffective." Baughcum argues that "trial counsel could not possibly have been reasonably effective, considering the nature of his relationship with the Defendant[,]" which was "contentious." Baughcum, however, fails to point to a single instance of allegedly deficient performance by his trial counsel either before or during trial. Because a claim of ineffective assistance requires a defendant to prove both that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense, and because Baughcum has not even asserted an act of deficient performance, this claim of error presents nothing for us to review. See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 28, 2006.

*Ann C. Stahl*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.