# Court of Appeals
# of the State of Georgia

ATLANTA,___October 18, 2016_____

*The Court of Appeals hereby passes the following order:*

**A17D0107.  JAMES BAUGHCUM v. THE STATE.**

In 2004, James Baughcum was convicted by a jury of two counts of aggravated child molestation and five counts of child molestation.  Baughcum's convictions were affirmed on appeal.  See *Baughcum v. State*, 277 Ga. App. 799 (627 SE2d 855) (2006).  In 2016, he filed a "Motion and Notice for Hearing to Correct and Modify Void Sentence."  The trial court denied the motion on June 29, 2016.  Baughcum then filed this application for discretionary appeal on September 26, 2016.  We, however, lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  Ordinarily, if a party applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j).  To fall within this general rule, however, the application must be filed within 30 days of entry of the order or judgment to be appealed.  OCGA § 5-6-35 (d); *Hill v State*, 204 Ga App 582, 582-583 (420 SE2d 393) (1992).  Because Baughcum filed his application 89 days after the trial court entered its order, it is untimely.  Furthermore, Baughcum has not asserted that his sentence is one not allowed by law and thus has not raised a valid void sentence claim.  Accordingly, this

application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*_____10/18/2016_____
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*