## A98A2309. WILLIAMS v. THE STATE.
### (512 SE2d 387)

SMITH, Judge.

After a nightclub incident in which he shot two people, Steven M. Williams was convicted by a Muscogee County jury on two counts of aggravated assault. He appeals, asserting as his sole enumeration of error the trial court's failure to give a curative instruction or grant a mistrial when his character was improperly placed in issue by a reference to a prior unrelated arrest. We affirm.

The statement complained of by Williams occurred as a City of Columbus detective was testifying regarding the circumstances of Williams's arrest. Williams fled the nightclub before the police arrived, and a warrant was issued for his arrest. The detective testified that Williams was arrested some time later and added, "He was arrested in Atlanta. He was arrested in Atlanta and what had happened is I had gotten a call. I had an outstanding warrant for his arrest."

We note that the detective's testimony does not necessarily imply, as Williams contends, that Williams was arrested in Atlanta for some other offense. In fact, the prosecutor went on, "So anyway for one reason or another the warrant that was issued for him was executed in Atlanta and he was arrested in Atlanta." The jury could as easily have inferred that no crime was involved other than the one for which Williams was on trial and for which the officer held an outstanding warrant. It is also "well settled that all circumstances connected with the accused's arrest are admissible, even though they incidentally put his character in issue. [Cits.]" *Reynolds v. State*, 234 Ga. App. 884, 886-887 (2) (508 SE2d 674) (1998).

But we do not reach these issues because Williams clearly failed to preserve the alleged error for review. After Williams's counsel objected, the prosecutor responded, "Okay. Let's not go into what was involved in Atlanta. . . . He was going to go into something and we decided not to." Williams's counsel responded, "I withdraw my objec-

tion." He never requested curative instructions and never moved for a mistrial.

The cases cited by Williams are inapplicable here. In *Richardson v. State*, 199 Ga. App. 10 (403 SE2d 877) (1991), and *Felton v. State*, 93 Ga. App. 48 (90 SE2d 607) (1955), the appellants expressly moved for a mistrial, as Williams failed to do, and the references to previous crimes and arrests were clear and explicit. In contrast, by withdrawing his objection, Williams failed to preserve the claimed error for appeal. *Reed v. State*, 222 Ga. App. 376, 379 (3) (474 SE2d 264) (1996). An assertion that the trial court erred in failing to give a curative instruction is not preserved for review when no curative instruction was requested at trial. *Beasley v. State*, 269 Ga. 620, 624 (9) (502 SE2d 235) (1998). Finally, "[a] motion for mistrial not made at the time the testimony objected to is given is not timely and will be considered as waived because of the delay in making it." (Citations and punctuation omitted.) *Anderson v. State*, 199 Ga. App. 559, 560 (2) (405 SE2d 558) (1991).

*Judgment affirmed. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 17, 1999.

*John R. Mobley II*, for appellant.
*J. Gray Conger, District Attorney, Samuel G. Merritt, Assistant District Attorney*, for appellee.