### S00A1528. GRIFFIN v. THE STATE.
(537 SE2d 350)

FLETCHER, Presiding Justice.

A jury convicted Manuel Griffin and co-defendant Alex Scruggs of felony murder in the shooting death of Jamar Lewis at a laundry in DeKalb County.[1] Griffin challenges the trial court's refusal to sever his trial from the trial of his co-defendant. Because the trial court did not abuse its discretion in denying the severance motion, we affirm.

1. The evidence presented at trial shows that Griffin, Scruggs, and Maria Joyner planned to rob Jamar Lewis. Lewis called Joyner on his cell phone as he was driving to her apartment for a date, and she paged Scruggs. When Lewis arrived, Joyner asked him to take her to the laundry room. As she was removing her clothes from the washing machine, she heard a voice she identified as Griffin's say, "Give it up," and saw Griffin and Scruggs pointing guns at Lewis.

---

[1] The shooting occurred on June 12, 1997, and Griffin was indicted on February 4, 1999. The jury returned its verdict and the trial court sentenced Griffin to life imprisonment on April 16, 1999. Griffin filed a motion for new trial on May 14, 1999, which the trial court denied on May 12, 2000. Griffin filed a notice of appeal on May 16, 2000. The case was docketed on June 1, 2000, and submitted for decision on briefs on July 24, 2000.

One defendant shot him in the back from two to three feet away, and the other shot him in the abdomen from a few inches away. Police found shell casings from a nine-millimeter pistol and a .380 pistol next to the body, and the pathologist removed a nine-millimeter and a .380 caliber bullet from the body. The pathologist testified that each shot was fatal and Lewis died from the combined injuries caused by both gunshot wounds. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Griffin guilty of the crime charged.[2]

2. In a murder case where the death penalty is not being sought, the trial court has the discretion to grant a severance motion.[3] In deciding the issue, the trial court should consider the likelihood of confusion of the evidence and law, the possibility that evidence against one defendant may be considered against another defendant, and the presence of antagonistic defenses.[4] The defendant needs to show more than he or she has a better chance of acquittal if tried separately[5] or the evidence against the co-defendant is stronger.[6]

In this case, Griffin has failed to show prejudice from the trial court's denial of his motion to sever. There were just two defendants at trial. Although Scruggs was indicted alone in two counts, the trial court severed those counts prior to trial, thus eliminating the possibility that evidence against Scruggs on those counts could be considered against Griffin. The same witnesses testified against both defendants and established that they acted together. The defendants jointly attacked the credibility of the state's witnesses and joined in each other's motions and objections. Neither defendant gave a custodial statement or confession that was introduced at trial or testified in his own defense. Finally, their defenses were not antagonistic. Griffin presented four witnesses who testified that he was staying with relatives in Jonesboro at the time of the murder; Scruggs argued that there were other suspects who had been looking for Lewis and threatening to kill him. Given that the defendants were jointly indicted and acted in concert, the same witnesses testified against both of them, and the trial court severed the counts related solely to Scruggs, we conclude that Griffin has failed to show harm from the joint trial.

*Judgment affirmed. All the Justices concur.*

---

[2] See *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] OCGA § 17-8-4.
[4] *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975).
[5] *Satterfield v. State*, 256 Ga. 593, 596 (351 SE2d 625) (1987).
[6] *Kelley v. State*, 248 Ga. 133, 136 (281 SE2d 589) (1981).

DECIDED OCTOBER 23, 2000.

*Lynn M. Kleinrock*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert M. Coker, Robert E. Statham III, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.