## S01A0444. SCRUGGS v. THE STATE.
(545 SE2d 888)

BENHAM, Chief Justice.

Appellant Alex Scruggs and his co-indictee, Manuel Griffin, were tried together and convicted of felony murder in connection with the death of Jamar Lewis. Appellant Scruggs was also convicted of being a convicted felon in possession of a firearm.[1] The judgment of conviction entered against Griffin was affirmed by this Court in *Griffin v. State*, 273 Ga. 32 (537 SE2d 350) (2000). On appeal, appellant Scruggs takes issue with the trial court's denial of several motions for mistrial made following testimony which, appellant contends, made the jury aware that appellant had been involved in illegal drug activity.

1. The State presented evidence at trial showing that Griffin, Scruggs, and Maria Joyner planned to rob the victim, Jamar Lewis. When Lewis called Joyner on his cellular phone as he was driving to her apartment for a date, she paged Scruggs. When Lewis arrived, Joyner asked him to take her to the apartment complex's laundry room. As she was removing her clothes from a washing machine, she heard a voice she identified as Griffin's say, "Give it up," and saw Griffin and Scruggs pointing guns at Lewis. One gunman shot the victim in the back from two to three feet away, and the other shot him in the abdomen from a few inches away. Police found shell casings from a 9 mm pistol and a .380 pistol next to the victim's body, and the pathologist removed a 9 mm bullet and a .380 caliber bullet from the victim's body. The pathologist testified that each shot was fatal and that Lewis had died from the combined injuries caused by

---

[1] The shooting occurred on June 12, 1997, and appellant was indicted on February 4, 1999. The trial commenced on April 13, 1999, and concluded on April 16 with the jury's return of its verdicts. Appellant was sentenced to life imprisonment on April 16, and filed a motion for new trial on May 14. That motion was denied on May 12, 2000, and appellant was granted an out-of-time appeal on October 30, 2000. His notice of appeal was filed on November 13, and the case was docketed in this Court on December 7, 2000. It was submitted for decision on briefs.

the two gunshot wounds. The State also presented evidence that appellant Scruggs was a convicted felon in possession of a firearm. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court committed error when it denied the several motions for mistrial made by appellant's counsel after evidence of appellant's bad character was purportedly put before the jury by the testimony of a witness for the State. Generally, "[t]he general character of the parties and especially their conduct in other transactions are irrelevant matter . . ." (OCGA § 24-2-2), and "no evidence of [a criminal defendant's] general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." OCGA § 24-9-20 (b). In the case at bar, defense counsel sought a mistrial when: (1) a witness testified she had removed appellant's belongings from her apartment after telling him she did not want his friends smoking in her apartment; (2) when the witness testified that appellant had been arrested; (3) when the witness stated that appellant had purchased drugs with his share of the money taken from the victim; and (4) when the witness was unable to articulate why appellant "needed somebody to rob. . . ." Out of the presence of the jury, the witness stated that appellant needed to rob someone to buy drugs.

In neither the first nor the fourth instance noted above was the testimony complained of prejudicial bad character evidence since in neither case was there any testimony that appellant had committed an offense separate and distinct from that for which he was being tried. *Williams v. State*, 261 Ga. 640 (2) (a) (409 SE2d 649) (1991); *Stanley v. State*, 250 Ga. 3 (1) (295 SE2d 315) (1982). See also *Tanner v. State*, 228 Ga. 829 (6) (188 SE2d 512) (1972). Similarly, the testimony that appellant had been arrested, the impetus for the second mistrial motion, was not prejudicial because there was no testimony that the arrest was for anything other than the charges for which appellant was on trial. See *Williams v. State*, 236 Ga. App. 503 (512 SE2d 387) (1999) (jury could easily infer that no crime was involved other than the one for which appellant was on trial); *Keller v. State*, 231 Ga. App. 546 (4) (499 SE2d 713) (1998) (no prejudice where statement did not necessarily imply that appellant had a prior arrest).

In only the third instance described above was evidence of appellant's bad character improperly injected into the proceedings. In response to appellant's motion for mistrial following the testimony, the trial court instructed the jury to disregard the testimony concerning what appellant had done with the proceeds of the robbery. "When prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's

right to a fair trial. [Cit.]" *White v. State*, 268 Ga. 28 (4) (486 SE2d 338) (1997). It is up to the trial court to decide "whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions." *Stanley v. State*, supra, 250 Ga. at 4. Since the curative instructions adequately preserved appellant's right to a fair trial, the trial court did not abuse its discretion when it denied the motion for mistrial. *Williams v. State*, 269 Ga. 827 (5) (504 SE2d 441) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001.

*John F. Nebl*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert M. Coker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.