## S04A1171. FREEMAN v. THE STATE.
### (603 SE2d 214)

BENHAM, Justice.

Anthony Lamar Freeman was convicted of malice murder and possession of a firearm by a convicted felon.[1] Witnesses testified

---

[1] The crimes were committed on June 5, 2002, and Freeman was indicted by the grand jury of Walton County on July 25, 2002, for malice murder, felony murder (possession of a firearm by a convicted felon), felony murder (aggravated assault), aggravated assault (two counts), possession of a firearm by a convicted felon, and possession of a firearm during commission of a felony. A jury trial commencing April 28, 2003, resulted in verdicts of guilty on all counts. On May 1, 2003, the trial court sentenced Freeman to life imprisonment for malice murder and to a consecutive term of five years for possession of a firearm by a convicted felon, the remaining counts being merged into the malice murder count or vacated by operation of law. Freeman's motion for new trial filed May 14, 2003, and amended August 26, 2003, was denied on December 4, 2003. Pursuant to a notice of appeal filed December 11, 2003, the record was transmitted to the Court of Appeals on March 16, 2004, and was transferred to this Court by an order of the Court of Appeals dated March 18, 2004. Docketed in this Court on March 22, 2004, the appeal was submitted for decision on the briefs.

Freeman approached the car in which Albert Hyman was sitting, confronted Hyman about an alleged threat, then fired a weapon into the car repeatedly. Hyman was shot four times and died of those wounds.

1. The evidence stated above, considered together with Freeman's stipulation that he had previously been convicted of aggravated assault, was sufficient to authorize a rational trier of fact to find Freeman guilty beyond a reasonable doubt of the offenses for which he was convicted and sentenced. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. All of Freeman's enumerations of error involve contentions that trial counsel was ineffective.

> In order to prevail on a claim of ineffective assistance, appellant "must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Cits.]" [Cit.] Appellant "must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." [Cit.] In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo. [Cit.]

*Herring v. State*, 277 Ga. 317, 319 (6) (588 SE2d 711) (2003).

(a) Freeman first argues trial counsel was ineffective in failing to procure the presence of an alleged eyewitness who claimed she had moved out of Georgia because her life and her mother's life were threatened by the actual shooter. In the order denying Freeman's motion for new trial, the trial court noted the extensive efforts of counsel to locate the witness, whose family assisted her in concealing her present location out-of-state, and to secure admission of her statement under the necessity exception, and concluded that trial counsel could not be faulted for failing to locate the witness earlier. The trial court went on to find trial counsel was not ineffective, a finding we conclude was supported by the record and was not, therefore, clearly erroneous. *Smith v. State*, 257 Ga. App. 88 (4) (a) (570 SE2d 400) (2002).

(b) Freeman's second assertion of ineffectiveness of trial counsel was based on counsel's failure to renew an objection to the admission into evidence of a firearm which could have been the murder weapon and which was found two months after the shooting along the route

Freeman testified he took from the scene of the shooting. The trial court ruled on motion for new trial that the failure to renew the objection was not ineffective assistance since the weapon was sufficiently connected to Freeman and the crime to make it admissible. "The trial court has great discretion to determine relevancy and materiality of evidence, and admission is favored in doubtful cases. [Cit.]" *Crozier v. State*, 263 Ga. 866, 867 (2) (440 SE2d 635) (1994). Given the evidence of Freeman's presence at the crime, his admitted passage through the area from which the weapon was later recovered, and testimony that Freeman told a witness moments after the shooting that it was he who shot the victim, we see no abuse of the trial court's discretion in admitting the evidence. That being so, we must agree with the trial court that failing to renew the objection did not constitute ineffective assistance of counsel.

(c) Finally, Freeman complains of trial counsel's failure to renew a motion for mistrial made when the prosecuting attorney asked Freeman on cross-examination whether he had told the police he fled the scene of the crime because he had a reputation for killing people. A colloquy outside the presence of the jury established that the prosecuting attorney was unaware admissibility of that statement had been litigated in a motion in limine prior to trial and prior to the prosecuting attorney's involvement in the case, and that the court had concluded the statement had never been made. The trial court denied Freeman's motion for mistrial and instructed the jury the statement had never been made.

> "When prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial." [Cit.] It is up to the trial court to decide "whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions." [Cit.] Since the curative instructions adequately preserved appellant's right to a fair trial, the trial court did not abuse its discretion when it denied the motion for mistrial. [Cit.]

*Scruggs v. State*, 273 Ga. 752, 753-754 (2) (545 SE2d 888) (2001). We conclude the trial court's curative instructions here, as in *Scruggs*, supra, were sufficient and there was no abuse of discretion in denying the motion for mistrial. That being so, renewing the motion would have been of no benefit to Freeman. It follows that the failure to renew the motion, even if it constituted deficient performance, could not have prejudiced Freeman and that Freeman cannot, therefore, satisfy the prejudice prong of the test for ineffective assistance of

counsel. Since failure to satisfy either prong of the test for ineffective assistance of counsel is fatal to the claim of ineffectiveness (*Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004)), Freeman's assertion that trial counsel's failure to renew the motion for mistrial constituted ineffective assistance of counsel must fail.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*L. Stanford Cox III*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Thurbert E. Baker, Attorney General, Raina Nadler, Assistant Attorney General*, for appellee.