## A09A2030. FRANKS v. THE STATE.

(688 SE2d 382)

PHIPPS, Judge.

After a jury trial, Andre Franks was convicted of numerous sexual offenses. On appeal, Franks maintains that a law enforcement officer gave testimony constituting an improper and prejudicial comment upon his right to remain silent and that the trial court erred by refusing to grant his motion for mistrial, which was based upon that officer's testimony. Franks has failed to show that the trial court abused its discretion by denying the motion, and we affirm.

In the state's direct case, a county police department detective assigned to investigate the reported incidents recounted his steps in

---

[5] *Wharton*, supra.

effecting Franks's arrest.

> Q: Okay. After, after you put the warrants in the computer . . . , did you have any further involvement in this case?
>
> A: Yes. After he was arrested, we — I had him [Franks] into our office. We *Mirandized* him, and I —
>
> Q: Hang on a second now. After —

Defense counsel interposed, "Your Honor, I'm going to make an objection outside the presence of the jury at this time." The jurors retired from the courtroom, and defense counsel requested a mistrial based upon the cited testimony about *Miranda* rights. After hearing arguments from both sides, the court denied the motion, but offered to give the jury a curative instruction to disregard the last question and partial response. Defense counsel declined the curative instruction, electing to stand by his contention that a mistrial was warranted.

The grant or denial of a mistrial is within the trial court's discretion, and the appellate court will not interfere with the trial court's exercise of that discretion unless it is clear that a mistrial was essential to preserve the right to a fair trial.[1]

"Certainly, the fact that a defendant has exercised the right to remain silent is not to be used against the defendant at trial."[2] Thus, evidence of a defendant's decision to remain silent is inadmissible.[3] Moreover, what is prohibited is not just testimony that directly comments upon an accused's silence, but also testimony "touching upon the silence of an accused."[4]

In the instant case, however, the officer's recitation was interrupted; and there was no testimony that could be fairly construed as commenting or even touching upon whether Franks had exercised his right to remain silent.[5] Furthermore, while the officer testified that Franks had been arrested and thus was informed of his *Miranda* rights, that testimony "was not prejudicial because there was no

---

[1] *Whitaker v. State*, 283 Ga. 521, 524 (3) (661 SE2d 557) (2008).

[2] Id. (citation omitted).

[3] See *Durden v. State*, 250 Ga. 325, 327 (3) (297 SE2d 237) (1982) (where defendant is advised of his right to remain silent, the prosecution may not use against him the fact that he had exercised that right), citing *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[4] *Wallace v. State*, 272 Ga. 501, 502-503 (2) (530 SE2d 721) (2000) (finding that testimony that appellant did not say anything in response to certain inquiries made by police, but instead simply swallowed hard, wrung his hands, breathed and sighed deeply, and shuffled his arms and legs, touched upon the silence of the accused).

[5] Cf., e.g., *Wallace*, supra; *Durden*, supra.

testimony that the arrest was for anything other than the charges for which appellant was on trial."[6] Nevertheless, the trial court offered to give a curative instruction to the jury, but that offer was rejected.[7] Because a mistrial was not essential to preserve Franks's right to a fair trial, the trial court did not abuse its discretion in refusing to declare one.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

## DECIDED DECEMBER 11, 2009.

*Mary Erickson*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Deborah D. Wellborn, Assistant District Attorney*, for appellee.

---

[6] *Scruggs v. State*, 273 Ga. 752, 753 (2) (545 SE2d 888) (2001) (citation omitted).

[7] See *Rowe v. State*, 276 Ga. 800, 805-806 (4) (582 SE2d 119) (2003) (any complaint that the trial court erred in failing to give curative instruction to jury was unavailing, where appellant had not requested any such instruction at trial); *Scruggs*, supra at 754 (it is for the trial court to determine whether granting a mistrial is the only corrective measure or whether any prejudice can be corrected by withdrawing the testimony from the jury's consideration upon proper instruction from the court).