A10A1186. HANSON v. THE STATE.
(700 SE2d 896)

ADAMS, Judge.

Following a bench trial, Dexter Lee Hanson was convicted of child molestation, enticing a child for indecent purposes, and sexual battery. On appeal he contends the evidence was insufficient to support the verdict for enticement. He also challenges several evidentiary rulings and the failure of the court to merge Count 2 into Count 1.

1. Construed in favor of the verdict, the evidence shows that Hanson encouraged his stepdaughter, who was 12 and 13 years old at the times of the incidents, to watch movies that he, himself, characterized as pornographic, with him in his bedroom, and sometimes in the living room, on numerous occasions after her mother had left for work. The victim described the movies as "[p]eople having sex on TV." Hanson also allowed her to see pornography on the computer in his bedroom. At some point during these sessions, he began to touch her inappropriately, and, over a period of time, he touched her breasts, buttocks, and vagina through her clothing. While the two were watching the films, Hanson sometimes had the victim, who was wearing pajamas or underwear, lie on her stomach

---

and spread her legs, and he would lie on top of her. When asked if Hanson did anything at that time, the victim replied, "He would be in an up and down motion." He was wearing boxers at the time. He also asked her to get in positions such as "on all fours" while the movie was playing. The positions were the same as those she had seen the characters in the movie doing. On these occasions, she could feel what she believed to be his erect penis against her, although there was never skin-to-skin contact. On one specific occasion, Hanson rubbed his penis against the child's leg and ejaculated. He also asked her to touch his penis on a couple of occasions, but she refused. He once showed her a videotape of himself and her mother in which she saw Hanson's penis. During a confrontation with the victim's mother, Hanson admitted "touching on [her]." He also demonstrated for the mother what he had done; the victim testified, "He told my mom to lay on the bed and open her legs." He then got on top of her like he had laid on top of the victim. During cross-examination, the victim testified that she wrote of Hanson touching her in her diary.

In Count 2, Hanson was charged with enticing a child for indecent purposes in violation of OCGA § 16-6-5 (a), which provides:

> A person commits the offense of enticing a child for indecent purposes when he or she solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts.

The evidence was sufficient to support a verdict on this count. Although the statute does not require proof that the enticement involved pornographic material, Hanson admitted he had watched pornographic videos together with the child after her mother had left while the child was lying on his bed. The child testified that he encouraged her to watch them, that he asked her to get into positions depicted in the films, and that he lay on her and moved up and down.

2. On appeal, Hanson contends the State improperly admitted evidence regarding the movies and that without the evidence regarding the movies, the State has failed to show that Hanson enticed the child as alleged in Count 2. That count stated that Hanson had enticed the child for indecent purposes and to perform indecent acts, in that Hanson

> to wit: did while watching pornographic images request that said child pose and duplicate acts which were displayed in the images.

Hanson contends the State never proved the movies the victim

saw were pornographic.[1] But Hanson admitted they were pornographic, and the child said they depicted people having sex. Moreover, Hanson did not object during trial on the ground that the proof of the crime differed from the allegations; nor did he move for a directed verdict or judgment notwithstanding the verdict on this ground. Failure to raise a fatal variance issue in the court below waives the matter on appeal. *Jackson v. State*, 252 Ga. App. 16, 16-17 (2) (555 SE2d 240) (2001).

3. Hanson contends the trial court erred by allowing the State to elicit certain testimony from the police officer — that the officer and the defendant agreed to meet but that Hanson did not come. He asserts a violation of his right to remain silent without comment or evidence regarding his silence. See *Franks v. State*, 301 Ga. App. 590 (688 SE2d 382) (2009). But Hanson did not object to the question or answer at trial. "Thus, [Hanson] has waived this issue by his failure to object at trial." *Binns v. State*, 296 Ga. App. 537, 540 (2) (675 SE2d 265) (2009).

4. Finally, Hanson contends the trial court committed reversible error by failing to merge Count 2 — enticement — into Count 1 — child molestation. But Hanson was charged with child molestation for the incident in which he rubbed his penis against the child's leg and ejaculated. He was charged with enticing the child to perform indecent acts by watching pornographic images and having her pose and duplicate those acts. These are separate events, and no merger is required. *Yates v. State*, 298 Ga. App. 727, 730 (3) (681 SE2d 190) (2009) ("where the crimes charged are based on more than one separate act or transaction, no merger is required even for charges of the same crime").

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

---

[1] The State introduced a videotape that the victim identified as being one that she watched alone. Hanson objected to the video labeled S-1 on the grounds of relevancy and authentication; however, the latter objection was ruled untimely. The State conceded that the video was not relevant to the enticement charge. This video was admitted but it was not played for the court.

The State introduced as S-2 and S-3 the boxes for two other videotapes that the victim testified as being the titles for two of the movies that she watched with Hanson. Hanson objected to the relevancy of the boxes. He also argued that they were not linked to the indictment and therefore were prejudicial as only showing that he liked to watch pornography. The court found that exhibits S-1, S-2, and S-3 were introduced for the purpose of linking Hanson with the crimes charged, not just to show his interest in sexual activity. See *Simpson v. State*, 271 Ga. 772, 773 (1) (523 SE2d 320) (1999).

The State then introduced five more boxes of other videotapes that the victim identified as being movies that she had watched with Hanson. The movies themselves were not played for the court. Hanson again objected on the ground that the victim had not authenticated the movies by watching them in court and testifying that these were the movies that Hanson had her watch.

DECIDED SEPTEMBER 10, 2010.

*James W. Bradley*, for appellant.
*Tracy Graham-Lawson, District Attorney, Dawn Belisle-Skinner, Assistant District Attorney*, for appellee.