## A11A0918. HARDING v. THE STATE.

(719 SE2d 499)

SMITH, Presiding Judge.

Dino Harding appeals from his convictions of armed robbery, false imprisonment, and possession of a firearm during the commission of a crime. In his sole enumeration of error, he contends the trial court erred by denying his motion for mistrial based upon the assistant district attorney's violation of a motion in limine ruling during her opening statement. Because the curative instruction provided by the trial court was adequate to preserve Harding's right to a fair trial, we affirm.

In order to analyze Harding's claim, we must examine the facts supporting his convictions. The record shows that a movie theater employee saw a person standing by the manager's door who asked him if the assistant manager, "JB," was inside his office. Because no

---

one called the assistant manager "JB" unless they knew him, the employee walked over and opened the door. The man then grabbed the employee by the shoulder, placed a gun next to his head, and ordered him to get down on the floor. Next, he ordered the assistant manager, who had been counting the cash in the safe, to get on the floor as well. After tying up the employee and the assistant manager, he took cash from the safe and left.

The assistant manager testified that he recognized the intruder as someone who had applied for a job earlier in the week. He knew the man by the name of Ansel Christopher and testified that "Christopher" had come into the theater "at least once a day for a week" to ask about a job. At trial, he identified Harding as the man he knew as Christopher.

Before the start of his trial, Harding moved to exclude evidence of a gun found at the time of his arrest, two weeks after the robbery. Harding was arrested after he ran from police and hid behind a dog house in a mobile home park. Harding asserted that evidence regarding the gun should be excluded because it did not match the description of the gun used in the robbery. The trial court withheld ruling on the motion and instructed the assistant district attorney not to talk about it during her opening statement. Before opening statements, the trial court instructed the jury "that the opening statement is not evidence. Remember that what the lawyers say is not evidence." During her opening, the assistant district attorney made a reference to Harding telling the police after his arrest that he had "left a gun in the dog house."

Harding's counsel objected, and during a bench conference, the assistant district attorney immediately apologized for violating the court's instruction about the gun. The trial court denied Harding's motion for a mistrial, but noted that it would "have to revisit it again if it looks like when we get down to it that I don't allow it in."

Following testimony by the victims, the trial court granted Harding's motion in limine with regard to the gun, but denied his renewed motion for a mistrial.

Before the State presented two additional witnesses, the trial court instructed the jury as follows:

> Ladies and Gentleman, before we go on to the next witness I have one thing that I need . . . to advise you. And this goes back to my discussion with you from the very beginning that, if you'll remember, what the lawyers say during trial, in their opening statements and their closing arguments, that sort of thing is not evidence itself. The evidence is what you actually hear . . . from the witness stand or those exhibits that are admitted during the trial of the case.

So with that as a backdrop let me also instruct you, Ladies and Gentleman, that in the opening statements in this case there was limited discussion from the State about an alleged firearm . . . or about a firearm that was allegedly found during the arrest of the defendant in this case. This was in error. There is not such evidence and this should not be considered by you as evidence in this case.

Harding asserts on appeal that "no instruction could cure the impact of the State's improper statement." We disagree.

When prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial. It is up to the trial court to decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions.

(Citation and punctuation omitted.) *Freeman v. State*, 278 Ga. 349, 351 (2) (c) (603 SE2d 214) (2004). "Considering the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety, we find no abuse of discretion in the denial of [Harding]'s motion for mistrial." (Citations and punctuation omitted.) *Ramirez v. State*, 279 Ga. 569, 576 (9) (619 SE2d 668) (2005) (affirming denial of mistrial based on adequate curative instruction given after State violated previous ruling by court).

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED SEPTEMBER 20, 2011.

*Jennifer R. Burns, Steven L. Sparger*, for appellant.
*Larry Chisolm, District Attorney, Nancy M. Smith, Assistant District Attorney*, for appellee.