**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 22, 2014

# In the Court of Appeals of Georgia

A14A1355. DAVIS v. THE STATE.

ELLINGTON, Presiding Judge.

A Polk County jury found Reginald Davis guilty beyond a reasonable doubt of armed robbery, OCGA § 16-8-41 (a); kidnapping, OCGA § 16-5-40; hijacking a motor vehicle, OCGA § 16-5-44.1; and theft by taking, OCGA § 16-8-2. Following the denial of his motion for a new trial, Davis appeals, contending that the evidence was insufficient as to venue and that the trial court erred in denying his motion for a mistrial which was based upon testimony he claims constituted an improper comment upon his choice to remain silent. For the reasons explained below, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows the following. On August 24, 2011, Davis enlisted the help of his co-defendant, Marquita Alford, and another woman in his plan to rob the victim. Knowing that the victim was interested in having sex with the other woman, Alford offered to arrange a meeting between the victim and the other woman, who acted as "bait." When the victim arrived in his car at the agreed time to pick up Alford and the other woman, the women were walking on South Martiele Street, between Davenport Street and Cleo Street, in Cedartown. Alford got in the backseat, and the other woman got in the front seat. Davis was waiting in the same block in his own car with the engine running, ready to follow.

Just after the victim picked up the two women, Alford told the victim to drop her off on Cleo Street, which was the next cross street. The victim turned left onto Cleo Street and pulled over just before reaching the next corner at Estes Street. The other woman left the car and Davis entered the car, holding a gun. Davis pointed the gun at the back of the victim's head and directed the victim's driving until they reached a more secluded area. After telling the victim to stop the car, Davis and

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

Alford took money, jewelry, and a cellphone from the victim while Davis continued to point the gun at him. After robbing the victim, Davis and Alford took the victim's car, stranding him in some woods, and drove back toward Cedartown.

1. Davis contends that the State failed to prove that he committed the charged offenses in Polk County and that, as a result, the evidence was insufficient to prove venue.

> The standard for review of the sufficiency of the evidence to support a criminal conviction is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The review of the sufficiency of the evidence to support venue is no different because venue is an essential element that must be proven beyond a reasonable doubt in every criminal trial.

(Punctuation and footnotes omitted.) *Thompson v. State*, 277 Ga. 102, 103 (1) (586 SE2d 231) (2003). "Furthermore, venue is a question for the jury, and its decision will not be set aside if there is any evidence to support it." (Punctuation and footnote omitted.) *Leftwich v. State*, 299 Ga. App. 392, 399 (4) (682 SE2d 614) (2009).

The State offered the testimony of the victim to establish venue in Polk County, as follows:

Q:     [W]hat was the [telephone] conversation [between you and Alford] at that point[, that is, just before the victim picked up Alford and the other woman]?
A:     [S]he said, we are on Martiele Street, and pick us up on Martiele. . . . So when I got on Martiele, that's where they were waiting. So when I stopped, [the other woman] got in the front, and [Alford] got in the back of my car[.] . . .
Q:     Okay. And that was on Martiele Street?
A:     On Martiele – South Martiele.
Q:     That's here in Cedartown?
A:     Here in Cedartown, yeah.
Q:     And that is in Polk County?
A:     [Yes,] Polk County.

During his testimony, the victim referred to State's Exhibit 2, a paper map, which showed these streets. The victim marked the block of South Martiele Street where he picked up the two women, the block he drove on Cleo Street, and the intersection of Cleo Street and Estes Street where Davis entered the car. The trial court admitted State's Exhibit 2 without objection.

We conclude that the victim's testimony, together with the map that he marked to show where he picked up Alford and the other woman, constituted direct evidence that South Martiele Street, between Davenport Street and Cleo Street, is in Polk County. In addition, the evidence authorized the jury to find that Alford and Davis's conduct at that Polk County location – Alford entering the victim's car with the other

4

woman while Davis watched and followed in his own car – was an integral part of their plan to hijack the victim's car and kidnap and rob him, which they executed during one continuous occurrence while in transit. See OCGA § 17-2-2 (e).[2] Under these circumstances, each of the charged offenses can be considered as having been committed in Polk County, and venue as to each of the charged offenses was proper in that county. See *Epps v. State*, 297 Ga. App. 66, 69-70 (1) (676 SE2d 791) (2009) (Testimony showing that a bar where the defendant tricked the victim into getting into a car for the purpose of kidnapping and robbing him was in Douglas County was sufficient to establish venue there, even if the evidence showed that the defendant took the victim to an ATM in another county.).[3]

---

[2]

> If a crime is committed upon any . . . vehicle . . . traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the . . . vehicle . . . has traveled.

OCGA § 17-2-2 (e).

[3] See also *Wickerson v. State*, 321 Ga. App. 844, 851-852 (2) (743 SE2d 509) (2013) (Testimony by the victims of armed robberies as to locations where they were robbed, and testimony by the lead police detective pointing out those locations on a map and testifying that the map was of an area of DeKalb County, were sufficient to establish venue there.); *Bizimana v. State*, 311 Ga. App. 447, 448-451 (715 SE2d 754) (2011) (Testimony by the investigating police officer that an apartment complex where the victim was raped was in DeKalb County was sufficient to establish venue

2. Davis contends that the trial court erred in denying his motion for a mistrial, which was based on an investigator's alleged comment on Davis's post-arrest silence. "The grant or denial of a mistrial is within the trial court's discretion, and the appellate court will not interfere with the trial court's exercise of that discretion unless it is clear that a mistrial was essential to preserve the right to a fair trial." (Footnote omitted.) *Franks v. State*, 301 Ga. App. 590, 591 (688 SE2d 382) (2009).

It is fundamental that "the fact that a defendant exercised the right to remain silent may not be used against the defendant at trial." (Citation omitted.) *Taylor v. State*, 272 Ga. 559, 561 (2) (d) (532 SE2d 395) (2000). Therefore, Georgia law prohibits the State from commenting on a criminal defendant's post-arrest silence or failure to come forward after a crime, even when the defendant takes the stand in his own defense. *Reynolds v. State*, 285 Ga. 70, 71 (673 SE2d 854) (2009); *Harrelson v. State*, 312 Ga. App. 710, 716 (2) (719 SE2d 569) (2011); *Franks v. State*, 301 Ga. App. at 591. Evidence of the election to remain silent warrants reversal if it "point[s]

_____

there, even if the evidence supported a conclusion that the victim might have been driven into another county before the rape occurred.); *Aldridge v. State*, 310 Ga. App. 502, 504-505 (1) (713 SE2d 682) (2011) (The evidence was sufficient to establish venue in prosecution for kidnapping where the defendant pointed a gun at the victim and ordered her into his car at a gas station located in Fulton County, and the victim was also released in the same county.).

6

directly at the substance of the defendant's defense or otherwise substantially prejudice[s] the defendant in the eyes of the jury." (Citation and punctuation omitted.) *Whitaker v. State*, 283 Ga. 521, 524 (3) (661 SE2d 557) (2008).

In this case, the alleged comment on Davis's silence occurred during the direct testimony of the lead detective. The detective described how he identified Davis as a participant in the crimes, through interviews with the victim, Alford, and the woman used as "bait," who had come forward on the night of the robbery. The prosecutor asked whether the detective's investigation suggested any suspect other than Davis; the detective answered, "no." The prosecutor then asked, "[d]id any family members or anybody else come up and inform you that [Davis] was nowhere near that area at the time?" The detective answered, "No. [In the year between the crime and the trial,] I've been contacted by nobody providing an alibi of where he was, that he wasn't at this location, or that he was with them. I've been contacted by absolutely nobody." Davis's counsel moved for a mistrial, arguing that a statement that "nobody" had provided an alibi implied that Davis himself had failed to come forward during the investigation, claiming to have an alibi. The trial court determined, however, that the jurors likely inferred from the detective's response, taken in context, only that none of the witnesses had given Davis an alibi and that they would not have taken the

testimony as a comment on Davis's silence. On this basis, the trial court denied Davis's motion for a mistrial. Having reviewed the record, we discern no abuse of discretion in the trial court's ruling. See *Johnson v. State*, 271 Ga. 375, 383 (15) (a) (519 SE2d 221) (1999) (A prosecutor's argument that evidence of guilt has not been contradicted or rebutted is permissible and is not a comment on the defendant's silence.); *Bryant v. State*, 146 Ga. App. 43, 44 (1) (245 SE2d 333) (1978) (A prosecutor's argument that "no other witness appeared here and told you that it didn't happen – no witness – no evidence" was not an impermissible and prejudicial comment on the defendant's silence.).

*Judgment affirmed. Phipps, C. J., concurs. McMillian, J., concurs in Division 2 and in the judgment.*